UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUSINESS PRO COMMUNICATIONS, INC., an Illinois corporation and TUNICA PHARMACY, Inc., individually and as the representatives of a Class of Similarly-Situated Persons,<br><br>                             Plaintiff,<br><br>    v.<br><br>EXPRESS PRODUCTS, INC.<br>                             Defendant. | **FILED**<br>**MARCH 5, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>Judge:<br><br>**PH**<br>Case No.: **08 C 1323**<br><br>**JUDGE ST. EVE**<br>**MAGISTRATE JUDGE VALDEZ** |

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON DIVERSITY JURISDICTION**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, EXPRESS PRODUCTS, INC., by and through its attorneys, Kevin Campbell of LaBARGE, CAMPBELL & LYON, LLC and Eric L. Samore and Molly A. Arranz of SMITHAMUNDSEN LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending in the Circuit Court of Lake County, Illinois, as Case No. 04 L 1043. In support of this petition and as grounds for removal, Express Products, Inc. ("Express Products") states as follows:

**I.    FACTUAL BACKGROUND.**

Plaintiff originally filed an action styled *Business Pro Communications, Inc. v. Express Products, Inc.*, Civil Action File No. 04 L 1043, in the Lake County Circuit Court on December 30, 2004. (Pl.'s Compl. attached hereto as **Exhibit A**.) The Complaint ("Original Complaint") was brought by one Plaintiff, Business Pro Communications, Inc. ("Business Pro"), a Lake County, Illinois, corporation against Defendant, Express Products, Inc. ("Express Products"), a

Pennsylvania corporation. (Compl., ¶¶ 9-10.) Plaintiff alleged jurisdiction and venue was proper in Illinois because, purportedly, "Defendant has transacted business in Illinois" and the "business activities" at issue involved "Illinois residents and Illinois fax machines." (*Id.*, ¶ 6.)

The crux of the Original Complaint was that Defendant had sent "three unsolicited advertisements to Plaintiff's facsimile machine" in Illinois in 2004, which violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227. (*Id.*, ¶¶ 2, 11.) Plaintiff attached the three, subject facsimiles to the Original Complaint. (*Id.*) Plaintiff also alleged two other counts: "Common Law Conversion" and "Statutory Unfair Practice." (*Id.* at 7, 10.) Nowhere in the Original Complaint did Business Pro lay out the elements for a claim under ICFA; nowhere in the Original Complaint did Plaintiff request injunctive relief.

Thereafter, this case proceeded between Business Pro and Express Products, only. There has been no class certification. When written and oral fact discovery was at its close, on July 5, 2007, Defendant filed a summary judgment motion based upon at least two bases for why Defendant was entitled to judgment as a matter of law[1].

On February 7, 2008, Plaintiff moved for leave to file its First Amended Complaint ("Amended Complaint") and its Amended Motion for Class Certification and To Add an Additional Party Plaintiff. (Pl.'s Motion, with the 1st Am. Compl. and Am. Mot. for Class Certification, attached hereto as **Exhibit B**.) The Amended Complaint adds a new Plaintiff, Tunica Pharmacy ("Tunica"), located in Mississippi. Express Products remained the sole defendant. Plaintiff avers that jurisdiction and venue are proper because "Defendant has

---

[1] The Court ordered a briefing schedule and hearing for this Motion. However, Plaintiff never filed a Response and no hearing was held. Instead, within a few days after Express Products filed its Summary Judgment Motion, Plaintiff's counsel sent out "Advertising Material" to certain entities identified by Defendant in discovery. This correspondence stated: "We are trying to recover compensation for the targets of Express Products junk fax campaign and also attempting to stop future junk faxes. We have determined that you are likely to be a member of the class. You might not remember receiving junk faxes from Express Products, but if the lawsuit is successful, you would receive compensation (up to $1,500) for each junk fax Express Products sent." (Attached hereto as **Exhibit C**.) Via this "Advertising Material," Plaintiff's counsel located another entity, Tunica Pharmacy.

transacted business and committed tortious acts" generally, some of which occurred in Illinois. (Am. Compl., ¶¶ 6-7.) Plaintiff now alleges that Defendant "faxed more than 80 advertisements" to Business Pro and approximately thirty advertisements to Tunica in Mississippi. (*Id.*, ¶¶ 11-12.) Plaintiffs attach copies of "some" of the facsimiles at issue between Defendant and Business Pro (Exhibit A) and the separate facsimiles at issue between Tunica and Defendant (Exhibit B). (*Id.*) Besides alleging a TCPA violation and conversion, Plaintiff now alleges a violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, and seeks attorneys' fees. (*See id.* at 10.) Plaintiff also seeks injunctive relief in Count I and Count III. (*Id.* at 7, 12.)

The Honorable Judge Schostok granted Plaintiff's Motion for Leave to Amend and Add *instanter* at the February 7, 2008 hearing. (Order attached hereto as **Exhibit D**.)

## II. REMOVAL OF THIS ACTION TO FEDERAL COURT IS PROPER.

This Honorable Court has original jurisdiction over this action because it is now an action wherein the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. §§ 1332. In addition, original jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 1332(d). In other words, this Honorable Court can exercise original jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a) through (d) because either conventional diversity jurisdiction or the provisions for diversity jurisdiction by CAFA form an appropriate basis for removal under 28 U.S.C. Sections 1441 and 1446.

Section 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading…from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be

> removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Here, this case is removable to federal court because this Court has original jurisdiction over the Amended Complaint, which now includes averments showing not only diversity of citizenship by an amount in controversy in excess of the jurisdictional amount. First, pursuant to conventional diversity class action rules, enumerated in Section 1332(a), the Court has original jurisdiction over this matter and it is removable because there is complete diversity and the matter in controversy between one plaintiff and defendant exceeds $75,000. Second, pursuant to Section 1332(d), put in place via the enactment of the Class Action Fairness Act of 2005 ("CAFA"), original jurisdiction with the federal court is proper and removal is appropriate because more than 100 class members are at issue, at least one class member is diverse from the defendant, and more than $5 million is in controversy. Therefore, on either one of these grounds, removal of this action is proper.

### A. This Honorable Court Has Original Jurisdiction Over This Matter Pursuant To 28 U.S.C. § 1332(a).

Section 1332(a) states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States.

This clear language of Section 1332(a) was not displaced by the enactment of CAFA; instead, CAFA augments these "rules." One way in which original jurisdiction under 1332 was expanded is via the addition of 28 U.S.C. § 1453, added to erase the one-year limit for removal of class actions pursuant to Section 1332. Specifically, Section 1453 explains: a "class action may be removed to a district court of the United States in accordance with section 1446 (*except that the 1-year limitation under section 1446(b) shall not apply*)..." 28 U.S.C. § 1453(b)(2005)(emphasis added.)

Plaintiffs bring this case as a class action, in accordance with 735 ILCS 5/2-801, and it is removable under the conventional tenets of Section 1332(a). First, based upon the Amended Complaint and information and belief, Plaintiff, Business Pro, is a citizen of the State of Illinois, and Plaintiff, Tunica, is a citizen of the State of Mississippi. (*See* Am. Compl., ¶ 9.) Defendant, Express Products, is a corporation duly organized and incorporated in the State of Pennsylvania. (*See id.*, ¶ 10.) Express Products' principal place of business and headquarters are in the State of Pennsylvania. Therefore, at all pertinent times, Express Products is and has been a citizen of the State of Pennsylvania. There is complete diversity between the Plaintiffs, citizens of Illinois or Mississippi, and Defendant, a citizen of Pennsylvania.

Second, the amount in controversy exceeds $75,000, exclusive of interest and costs. While Express Products contests the merits of the Amended Complaint, the alleged damages sought by the individual plaintiff, Business Pro, are significant and purportedly in excess of $75,000. Plaintiff claims to have received eighty facsimile transmissions from the Defendant in violation of the TCPA. (Am. Compl., ¶ 11.) Plaintiff seeks statutory damages for these claimed violations, averring that it is entitled to $500 per violation or *treble* the amount—as allowed under the TCPA—equaling $1500 per violation. (*See id.*, ¶ 24.) Therefore, the amount in controversy between one of the Plaintiffs, Business Pro, and the Defendant, Express Products, is at least $120,000. This amount shows what "the stakes of the litigation *could be*" and "what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)(emphasis in original.) A "judge may well award less than $1,500 per fax, but a recovery exceeding [the statutory amount]…is not 'legally impossible.'" *Id.*

In addition, Plaintiff seeks relief under ICFA, requesting attorneys' fees, litigation expenses, and costs of the suit under ICFA. (Am. Compl. at 12.) This case has been pending

since December 2004, and discovery has been extensive, with Plaintiff taking depositions out-of-state including the depositions of four representatives of Express Products in Pennsylvania. Therefore, the attorneys' fees, alone, could well exceed $75,000.

### B. This Honorable Court Has Original Jurisdiction Over This Matter Pursuant To 28 U.S.C. § 1332(d).

Due to the amendments of 2005 to the provisions of diversity jurisdiction, expanded by CAFA and incorporated into 28 U.S.C. § 1332(d), this Court has original jurisdiction and this matter is removable. In particular:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant…

This case fits within the parameters of this subsection and—via the Amended Complaint—is now removable because this Notice of Removal is filed within thirty days after receipt by the Defendant of an amended pleading from which it is first ascertained that the case has become removable. *See* 28 U.S.C. § 1446(b).

#### 1. The Minimal Diversity Requirements And Amount In Controversy Requirements Of Section 1332(d) Are Met.

First, this is a civil action filed under Section 2-801 of the Illinois Code of Civil Procedure, where one or more members of the putative class are citizens of states different from Express Products and the amount in controversy satisfies the jurisdictional amount established by 28 U.S.C. Section 1332(d). 28 U.S.C. § 1332(d)(1)(B).

Second, minimal diversity is found. Plaintiffs aver a class action in which both the named plaintiffs are citizens of different States than the named Defendant. (*See* Am. Compl., ¶¶ 9-10.) It is also apparent that most, if not all, of the members of the putative class are citizens of Illinois, Mississippi, or the other forty-seven states besides Pennsylvania, such that the diversity

of citizenship requirement of 28 U.S.C. § 1332(d)(2) and (7) is met. Jurisdiction is mandatory, not discretionary, because the only defendant is not a citizen of the state where the Amended Complaint was originally filed, Illinois. In other words, this is *not* a case where the Court must decline or "in the interests of justice" may decline to exercise jurisdiction. *See* 28 U.S.C. § 1332(d)(3-4).

Third, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The evidence that the amount exceeds this jurisdictional amount can be found in the allegations of the Amended Complaint. Plaintiffs aver that the Defendant violated the TCPA by faxing "more than 80 advertisements" to Business Pro during the time period of February 27, 2002 through October 5, 2004. (Am. Compl., ¶ 11.) Then, Plaintiffs allege that Tunica received faxed advertisements on various dates spanning from January 15, 2004 through October 12, 2004. (Am. Compl., ¶ 12.) Plaintiffs do not specify the specific dates in 2004 when both Business Pro and Tunica received the same faxes; however, some of the faxes which Tunica claims to have received preceded and post-dated the advertisements Business Pro claims to have received, with Tunica receiving faxed advertisements on January 15, 21, 29, February 14, 19, and October 7 and 12, 2004. (Am. Compl., ¶ 12.) In addition, with regard to the class, Plaintiffs claim that "Defendant faxed the *same* and similar advertisements to Plaintiffs *and more than 38 other recipients*" to aver that 39 other recipients received the same 80 faxes Business Pro received from 2002 through 2004 and 39 other recipients received the same seven additional faxes that Tunica purportedly received but Business Pro did not. (Am. Compl., ¶ 14.) The amount sought by the class members for each unsolicited facsimile sent in violation of the TCPA is potentially $1500 per fax violation, such that the aggregate amount in controversy is at least $5,220,000.

This calculation also shows that more than 100 persons or entities comprise the putative class[2]. Defendant has a good faith belief that the amount in controversy, therefore, exceeds the jurisdictional amount.

As the Amended Complaint now states a claim over which the federal courts have original jurisdiction pursuant to Section 1332(d), removal of this matter is appropriate.

2. A New Controversy Has Arisen Via The Amended Complaint; Therefore, Removal Of This New Cause Of Action Is Proper.

For this case to be removed from state to federal court pursuant to the federal court's original jurisdiction under Section 1332(d), added via enactment of CAFA, the Amended Complaint must have commenced a new action. A putative class action commenced after February 18, 2005 may be removed to the appropriate United States District Court provided that the Amended Complaint commences a new class action.

An amendment is considered "distinct from the original pleading and does not relate back where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two sets of facts are different in character…, or (3) the two sets of facts lead to arguably different injuries." *Porter v. Decatur Mem'l Hosp.*, Case No. 104441, 2008 Ill. LEXIS 10, *23 (Jan. 25, 2008 Ill.)(citing *In re Olympia Brewing Co. Sec. Litig.*, 612 F. Supp. 1370, 1372 (N.D. Ill. 1985)). New facts will relate back if there is a "sufficiently close relationship" between the original and new claims—which must be found in the "temporal proximity," in the "general character of the sets of factual allegations" and where "the facts are all part of the events leading up to the originally alleged injury." *Id.* A new contention arises when the allegations regarding events are not close in time or subject matter or do not lead to the same injury. *See id.* at *25

---

[2] Further, on one date where Plaintiff, Business Pro, claims to have received an unsolicited fax, February 27, 2002, there is information regarding attempted transmissions of facsimiles to 2,258 potential recipients on behalf of Express Products. (Dan Geiger Dep. at 101, attached hereto as **Exhibit E**.) According to Plaintiffs' averments, this subset constitutes part of the putative class, each of whom could recover $1500 for this one transmission.

(finding the new claims did relate back because they were part of the same events leading up to "the same ultimate injury" and "were closely connected in both time and location.") The Court should consider whether "the original pleading furnish[ed] the defendant with notice of the events that underlie the new contention." *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006).

Here, the Amended Complaint is distinct from the original pleading because: (1) there is a significant lapse of time separating the original and amended set of facts; (2) the two sets of facts lead to different injuries; and/or (3) the two sets of facts are different in character. *See Porter*, 2008 Ill. LEXIS at *23. Under the test articulated in *Porter*, the Amended Complaint need only meet one of these factors to show a new contention is averred; however, here, the Amended Complaint contains new claims as demonstrated by analysis under all three prongs. Specifically, there is a significant lapse of time between the amended facts and the original facts because Business Pro now claims to have received faxes two years earlier than the original facts at issue; there are different injuries alleged because of the increased statutory demand for damages and the new remedies sought in injunctive relief and pursuant to ICFA; and, the two sets of facts are different in character because each new fax averred requires a separate and unique analysis under the TCPA.

   a. Plaintiff Has Alleged New Claims As Shown By The Significant Length Of Time Between The Originally Stated Claims And Amended Claims.

Plainly, the amended allegations regarding the alleged wrongdoing to Business Pro are "distinct from the original pleading" and do not relate back because "the original and amended set of facts are separated by a significant lapse of time." *Porter*, 2008 Ill. LEXIS 10 at *23. Business Pro now claims to have received eighty transmissions via fax instead of three

transmissions. These seventy-seven additional faxes alleged took place starting two years prior to the previously claimed injury. These are wholly new allegations because of the lack of "temporal proximity." *See Porter*, 2008 Ill. LEXIS 10 at *23. Plaintiffs attempt to expand the span of time ten-fold by averring that instead of merely three faxes, from July-August 2004, seventy-seven other faxes were transmitted from February 27, 2002 through October 5, 2004. (Am. Compl., ¶ 11.) Via the Amended Complaint, the temporal analysis at issue has expanded from two months to approximately 32 months. Therefore, under the *Porter* test, these allegations "show that the events alleged" are not "close in time," which alone can demonstrate new claims are pled. *See* 2008 Ill. LEXIS 10 at *25.

          b.      Plaintiff Has Alleged New Claims As Shown By The Two Sets Of Facts That Lead To Different Injuries.

The TCPA, the principal statute at issue in this matter, makes it "unlawful for any person within the United States … to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). Under the federal statute, the term "unsolicited advertisement" means material advertising the commercial availability or quality of any property, goods, or services, transmitted to a person without that person's prior invitation or permission. *See* 47 U.S.C. § 227(a)(4). For each time there is a transmission of an unsolicited advertisement to a facsimile machine, the injured party is entitled to statutory damages of $500 or $1500 "if the violation was knowing." (*See* Am. Compl., ¶ 24.)

Here, given the applicability of this federal statute and the damages recoverable for each and every transmission, the set of facts in the Original Complaint and the set of facts in the Amended Complaint lead to different and distinct injuries at issue. *Porter*, 2008 Ill. LEXIS 10 at *23. That new and separate injuries have been pled is apparent because for each subject fax, the

Court will need to analyze: whether a facsimile transmission originated with the Defendant and was sent to the Plaintiff's facsimile machine; and, whether such transmission was "unsolicited," i.e., whether the Defendant had prior invitation or permission for this sending. This analysis will also require determination of whether Express Products had permission for faxing by an established business relationship and, if so, whether that relationship had been revoked prior to any alleged transmissions. All of this analysis will be required for each and every fax to determine whether an injury deserving of $500-$1500 has occurred. This assessment will be needed for each putative class member. In the end, the damages sought, now, could be 25-times the amount available under the Original Complaint, such that the potential exposure of the Defendant to one Plaintiff has increased from $4,500 to $112,500. The facts of the Original Complaint and the facts of the Amended Complaint do not—together—lead to one, global injury; instead, each claimed fax transmission will lead to its own separate analysis of injury under the statutory framework of the TCPA.

Furthermore, now, for the first time, Plaintiffs seek injunctive relief in Counts I and III, whereby they request an equitable remedy about which Defendant had not previously been notified. Plaintiffs also specifically allege an ICFA claim, not pled in the Original Complaint, which puts forth new claims with new legal analysis of whether such a claim is maintainable given the factual contentions. Therefore, the Amended Complaint posits new injuries to be assessed and, thereby, includes different claims at issue.

      c.    New Claims Have Been Initiated Because The New Facts Are Different In Character Than The Original Facts.

Beyond the fact that each additional averment of a TCPA violation commences a new claim of injuries, the factual averments of the Amended Complaint are different in character than the originally-stated, factual allegations. Given the individualized analysis of facts required

under the TCPA, the Amended Complaint states new claims because there is not a close relationship between the "general character of the sets of factual allegations." *Porter*, 2008 Ill. LEXIS 10 at *23.

As stated *supra*, for each subject fax, the Court will need to analyze the specific facts preceding and surrounding each alleged transmission. Each set of facts could be different in character because a factual determination will need to be made as to whether a facsimile transmission occurred and whether the Defendant had prior invitation or permission or an established business relationship with the Plaintiff, which had not been revoked at the time of the transmission. That "two sets of facts different in character" are at issue is further exemplified by the Amended Complaint adding separate and new injuries for a resident of the State of Mississippi. This Plaintiff, Tunica, was not part of the Original Complaint nor contemplated by the averments in the Original Complaint, which pled that "Defendant has transacted business in *Illinois*" and that the "business activities" at issue involved "*Illinois* residents and *Illinois* fax machines." (Compl., ¶ 6)(emphasis added.) The faxes Tunica claims violated the TCPA were not part of the facsimiles at issue in the Original Complaint. Plaintiffs allege that Tunica received faxes from January to October 2004, but none of these faxes appended to the Amended Complaint are the same as the three faxes attached to the Original Complaint. (*Id.*, ¶ 12.)

In other words, by the Amended Complaint, there are "novel claim[s] tacked on to an existing case, [which] commences new litigation." *Knudsen*, 435 F.3d at 758. Like the Defendant in *Knudsen*, Express Products is faced with new claims for relief about which defendant was not furnished notice via the Original Complaint. *Id.* at 757. Defendant has now been blindsided by a mammoth increase in its exposure to the named plaintiffs under the TCPA. Under the Original Complaint, Defendant had notice that it was potentially liable for claimed

transmissions of three facsimiles; now, after the close of discovery, Defendant is exposed to liability for 27 times the claimed transmissions about which it had no notice in the Original Complaint.

### III. THE OTHER REQUIREMENTS OF THE REMOVAL STATUTE AND LOCAL RULES HAVE BEEN MET.

This Notice of Removal is timely and proper in accordance with 28 U.S.C. § 1446(b) because Defendant is filing this Notice of Removal within 30 days after service of (and filing of) the Amended Complaint, which occurred on February 7, 2008. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1446(a), because the amended action was filed within this District and Division. There are no other defendants named in this action, and Plaintiff has previously requested a trial by jury.

Submitted herewith and/or appended hereto is a copy of all process, pleadings, and orders from the state action. *See* 28 U.S.C. § 1446(a).

In accordance with 28 U.S.C. § 1446(d), promptly after or concurrently with the filing of this Notice of Removal, Defendant will provide written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court of the Circuit Court of Lake County, Illinois. By removing this action, Defendant does not waive any defenses available to it in responding to the Amended Complaint.

WHEREFORE, Defendant, EXPRESS PRODUCTS, INC., respectfully requests that this action be removed from the Circuit Court of Lake County to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully Submitted,

By: ____*Eric Samore*____

Counsel for Defendant,
EXPRESS PRODUCTS, INC.

Kevin Campbell, ARDC # 0618398
LaBarge, Campbell & Lyon, LLC
200 W. Jackson Blvd.
Suite 2050
Chicago, IL 60606
Phone: 312-580-9010
Fax: 312-580-9011
Email: KCampbell@LCLLAW.com

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax:    (312) 894-3210

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of March 2008, he served the Defendant, Express Products, Inc.'s **Notice of Removal to Federal Court Based on Federal Question Jurisdiction** and **Appearances** on:

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | Bock & Hatch LLC |
| Anderson & Wanca | 134 N. LaSalle Street, Suite 1000 |
| 3701 Algonquin Road, Suite 760 | Chicago, IL 60602 |
| Rolling Meadows, IL 60008 | |

via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m., on the 5th day of March, 2008.

[x]  Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: March 5, 2008.

_____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Counsel for Defendant,
EXPRESS PRODUCTS, INC.