**08 C 1323**

**JUDGE ST. EVE**
**MAGISTRATE JUDGE VALDEZ**

# EXHIBIT A

HENRY C. TONIGAN

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

BUSINESS PRO COMMUNICATIONS,          )
INC., an Illinois corporation, individually    )
and as the representative of a class of         )
similarly-situated persons,                     )
                                                )
                        Plaintiff,              )
                                                )
            v.                                  )
                                                )
EXPRESS PRODUCTS,                               )
                                                )
                        Defendant.              )

04L1043

FILED

DEC 30 2004

## CLASS ACTION COMPLAINT

Plaintiff, BUSINESS PRO COMMUNICATIONS, INC. (herein "Plaintiff")

action on behalf of itself and all other persons similarly situated, and except as to those

allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendant, EXPRESS

PRODUCTS (herein "Defendant").

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's policy and practice of faxing unsolicited

advertisements to persons in Illinois and other states.

2.      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a

person or entity within the United States from sending or having an agent send unsolicited faxed

advertisements. The TCPA provides a private right of action for violations, provides statutory

damages of $500.00 per violation, which may be trebled for knowing or willful violations, and

NOTICE
BY LOCAL RULE 8.12
THIS CASE IS HEREBY SET FOR A SCHEDULING
CONFERENCE IN COURTROOM 30 ON 4-7
2005 AT 9 (AM)PM. FAILURE TO APPEAR MAY RESULT
IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT
BEING ENTERED.

authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

3.      Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 because Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.      Venue is proper in this County pursuant to 735 ILCS 5/2-101, et seq. because the wrongful act took place in this County.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of

damages and fees. The private right of action created by the TCPA can only be enforced in state court. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

9. Plaintiff is an Illinois corporation doing business in Lake County, Illinois.

10. Defendant is a Pennsylvania corporation with its principal place of business or officers located at 18 Cassell Road, Souderton, PA 18964. Defendant does business in this County and has solicited business in this County.

## FACTS

11. In 2004, Defendant transmitted by telephone facsimile machine three unsolicited advertisements to Plaintiff's facsimile machine. Copies of those faxes are attached hereto and marked as Exhibits A, B, and C.

12. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

13. On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements throughout the United States.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

3

16.　　In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.　　A class action is proper in that:

(a)　　On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)　　There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)　　Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)　　Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, or services;

(iii)　　The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibits A, B, and C and other unsolicited faxed advertisements;

(iv)　　Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)    Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

3. Private right of action. A person may, if otherwise

5

permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)   Both such actions.

23.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if Defendant's actions were only negligent.

24.    If the Court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A, B, and C hereto to Plaintiff and similar faxes to the other members of the class without obtaining their prior express permission or invitation.

26.    Defendant failed to include the following material information on the facsimile as required by 47 U.S.C. § 227(d)(1)(B) and 47 CFR § 68.13(d): (1) the sender's fax number and (2) the telephone number of the sender.

27.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's

business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employee(s) used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

28.    If the evidence shows Defendant's violation was willful, Plaintiff requests that the Court treble the damages.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in favor and against Defendant as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation; and

C.    Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

**COUNT II**
**COMMON LAW CONVERSION**

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material

advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent Exhibits A, B, and C and other unsolicited faxed advertisements;

(v)    Whether Defendant committed conversion; and

(vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

32.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending unsolicited faxes to Plaintiff and the other class members, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

36.    Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

37.    Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

38.    Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.    That the court adjudge and decree that the present case may be properly

9

maintained as a class action, appoint Plaintiff as the representative of the class, and appoint

Plaintiff's counsel as counsel for the class;

    B.    That the court award damages;

    C.    That the court award costs of suit; and

    D.    Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

**COUNT III**
**STATUTORY UNFAIR PRACTICE**

39.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count III on behalf of the

following class of persons for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

41.    A class action is proper in that:

    (a)    On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

    (b)    There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

        (i)    Whether Defendant engaged in a pattern of sending unsolicited fax

10

advertisements;

(ii)    Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, and services;

(iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which Defendant sent Exhibits A, B, and C and other unsolicited faxed advertisements;

(v)    Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)    Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)    Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

(ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

42.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

11

43.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

44.    Indeed, 720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

45.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy.  It forced Plaintiff and the other class members to incur expense without any consideration.

46.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

47.    Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

48.    Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption.  By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

49.    Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer

facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.      That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the court award damages to Plaintiff and the other class members;

C.      That the court award attorney fees and costs; and

D.      Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

                                        Respectfully submitted,

                                        Plaintiff, BUSINESS PRO COMMUNICATIONS, INC., individually and as the representative of a class of similarly-situated persons

                            By:    _____
                                        One of Plaintiff's Attorneys

Brian J. Wanca (#3126474)              Phillip A. Bock (#6224502)
ANDERSON + WANCA                       Malik R. Diab
3701 Algonquin Road, Suite 760         DIAB & BOCK
Rolling Meadows, IL  60008             20 N. Wacker Drive, Suite 1741
Telephone: 847/368-1500                Chicago, IL  60606
                                       Telephone: 312/334-1970

**EXHIBIT A**



**PHONE: 888-676-4046**
**FAX: 888-780-1234**
**EMAIL: *SALES@1888EXPRESS.COM***
**VISIT: *WWW.1888EXPRESS.COM***

WIRELESS ACCESSORIES & MORE

Specials good thru July 23, 2004



# NEW!
## CCM Roadster
### ALL-IN-ONE HANDS FREE

For Nextel i530

*Special. This week Only $26.99!*

## NOW IN STOCK!
TUF Cases for Nextel i830!
Available in Nylon,
Black Leather
And Blonde Nubuck Leather.
*Order Today!*





EXPRO Swivel Clip Combo Kit
4pc kit includes...
Belt clip, Universal Button, Nokia
button and Car dash mount.
$ .50ea or 6 kits for $1.99!!!!

**HDSET-12**
PREMIUM
EXPRO EAR BUD
WITH 2" BOOM & ON/OFF.
2.5mm JACK
*$9.89ea BUY 1 GET 1*
*FREE*

**HDSET4**
"CLEARLINK"
OVER-THE-EAR HEADSET
ADJUSTABLE EARHOOK
AND CLEAR VOICE TUBE
2.5mm JACK
*$5.00ea BUY 1 GET 1*
*FREE!*

If you would like to be taken off of our fax list, please fax this page back to us with your company name and fax number.



**EXHIBIT B**



**PHONE:** 888-676-4046
**FAX:** 888-780-1234
**EMAIL:** *SALES@1888EXPRESS.COM*
**VISIT:** *WWW.1888EXPRESS.COM*

WIRELESS ACCESSORIES & MORE

Specials good thru August 13, 2004





## TUF CASES

Professional Grade Cases and Pouches
TUF Cases are available in Ballistic Nylon,
Black Leather and Nubuck *"blonde"* Leather.

### On Sale Now!
### Nylon $6.00   Leather $7.00
*Sale Ends Friday August 13th!*
*NO BACKORDERS!*



# *FLASHING ACCESSORIES!*
## FLASHING BATTERIES, KEYPADS,
## AND BATTERY COVERS!
### *AVAILABLE FOR ...*
### *NEXTEL i730, i95/i90*
### *NOKIA, MOTOROLA, AND MORE!*







### *Retractable Plug-in Charger!*
Easy and convenient.
With ***PROTEC*** interchangeable tips!
Less clutter in the car!
Available for ALL phone models!
## *On Sale $2.99!*

If you would like to be taken off of our fax list, please fax this page back to us with your company name and fax number.

**EXHIBIT C**



**PHONE: 888-676-4046**
**FAX: 888-780-1234**
**EMAIL: *SALES@1888EXPRESS.COM***
**VISIT: *WWW.1888EXPRESS.COM***

WIRELESS ACCESSORIES & MORE



Specials good thru July 30, 2004



# NEW!



## FUSION

High quality water resistant, (Rubber Like)
cases that keep your phone stylishly handy!
Attractive color trim and swivel belt clip!

*Available for Nextel, Motorola, Sanyo*
*and Universal Pouch!*

## *StingRay*

**Deluxe Fitted
and Universal Cases
Available for...
Nextel Falcon series, Kyocera,
LG, Motorola, Nokia, Sam-
sung,Sanyo, Audiovox and Uni-**



## PLUS, Get a *FREE* Universal
Swivel Vent clip with
every Stingray case you buy!

If you would like to be taken off of our fax list, please fax this page back to us with your company name and fax number.