UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUSINESS PRO COMMUNICATIONS, INC., an Illinois corporation and TUNICA PHARMACY, Inc., individually and as the representatives of a Class of Similarly-Situated Persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Judge St. Eve<br>Magistrate Valdez |
| v. | ) ) | Case No. 08 C 1323 |
| EXPRESS PRODUCTS, INC. | ) ) | |
| Defendant. | ) | |

### DEFENDANT, EXPRESS PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

NOW COMES Defendant, EXPRESS PRODUCTS, INC., by and through its attorneys, Kevin Campbell of LaBARGE, CAMPBELL & LYON, LLC and Eric L. Samore and Molly A. Arranz of SMITHAMUNDSEN LLC, and for its answer and affirmative defenses to Plaintiffs' Class Action Complaint, states as follows:

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:** **Defendant admits that Plaintiffs have brought an action against Defendant, but denies the veracity of the allegations as stated in Paragraph 1 of Plaintiffs' Class Action Complaint.**

2. The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:** **Defendant states that the allegations of Paragraph 2 of Plaintiffs' Class**

Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 2 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact and to the extent that Paragraph 2 contains misrepresentations of the law, Defendant denies same.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

ANSWER: Defendant states that the allegations of Paragraph 3 of Plaintiffs' Class Action Complaint are conclusions to which no answer is required. To the extent that Paragraph 3 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.

4. On behalf of itself and all others similarly situated, Plaintiffs bring this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

ANSWER: Defendant states that the allegations of Paragraph 4 of Plaintiffs' Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 4 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.

5. Plaintiffs seek an award of statutory damages for each violation of the TCPA.

ANSWER: Defendant admits that Plaintiffs have brought an action for statutory damages against Defendant, but denies the veracity of the allegations of Paragraph 5 of Plaintiffs' Class Action Complaint as alleged therein.

### JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

ANSWER: Defendant admits that jurisdiction with this Court is appropriate in this

matter. Defendant denies the remaining allegations of Paragraph 6 of Plaintiffs' Class Action Complaint as alleged therein.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

ANSWER: Defendant admits venue is proper but denies occurrence of any torts as alleged.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiffs expressly disclaim any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

ANSWER: Defendant denies the allegations of Paragraph 8 of Plaintiffs' Class Action Complaint as alleged therein.

## PARTIES

9. Plaintiff, Business Pro, is an Illinois corporation with its principal place of business in Lake County, Illinois. Plaintiff, Tunica Pharmacy is a Mississippi corporation with its principal place of business in Mississippi.

ANSWER: Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiffs' Class Action Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.

10. On information and belief, Defendant, EXPRESS PRODUCTS, INC., is a Pennsylvania corporation with its principal place of business located at 18 Cassell Road, Sauderton, PA 18964. Defendant has done business in Lake County, Illinois.

ANSWER: Defendant admits the allegations regarding its principal place of business as stated in Paragraph 10 of Plaintiffs' Class Action Complaint but denies the remaining allegations.

## FACTS

11.     From February 27, 2002 through October 5, 2004, Defendant faxed more than 80 advertisements to Plaintiff, Business Pro Communications. Copies of some of the facsimiles are attached hereto as Exhibit A.

**ANSWER:     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Class Action Complaint as alleged therein.**

12.     On or about January 15, 21, 29, February 14, 19, March 2, 16, April 14, 21, May 5, 13, 15, 20, 25, 29, June 3, 25, July 1, 7, 9, 17, 22, August 6, 13, 19, September 22, 23, 30, October 5, 7 and 12, 2004, Defendant faxed advertisements to Plaintiff, Tunia [sic] Pharmacy. Copies of the facsimiles are attached hereto as Exhibit B.

**ANSWER:     Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Class Action Complaint as alleged therein.**

13.     Plaintiffs had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Class Action Complaint as alleged therein.**

14.     On information and belief, Defendant faxed the same and similar advertisements to Plaintiffs and more than 38 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:     Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Class Action Complaint as alleged therein.**

15.     There is no reasonable means for Plaintiffs (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:     Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiffs' Class Action**

Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

16. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates, by reference, its answers to the preceding Paragraphs of the Answer to Plaintiffs' Class Action Complaint, as if fully set forth herein.

17. In accordance with 735 ILCS 5/2-801, Plaintiffs bring Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom no established business relationship existed.

**ANSWER:** Defendant admits that Plaintiffs have brought an action against Defendant based upon the alleged statute. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Class Action Complaint as alleged therein.

18. A class action is warranted because:

   a. On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable;

   b. There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

   i. Whether Defendant sent unsolicited fax advertisements;

   ii. Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

5

      iii.      The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      iv.      Whether Defendant sent faxed advertisements without first obtaining the recipients' express permission or invitation;

      v.      Whether Defendant violated the provisions of 47 U.S.C. § 227;

      vi.      Whether Plaintiffs and the other class members are entitled to statutory damages;

      vii.      Whether Defendant should be enjoined from faxing advertisements in the future; and

      viii.      Whether the Court should award trebled damages.

**ANSWER:** **Defendant denies that a class action is proper in this matter as alleged in Paragraph 18(a)-(b)(i)-(viii), inclusive, of Plaintiffs' Class Action Complaint.**

19.    Plaintiffs will fairly and adequately protect the interests of the other class members. Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiffs nor Plaintiffs' counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Class Action Complaint as alleged therein.**

20.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class members in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Class Action Complaint as alleged therein.**

21.    The TCPA prohibits the "use of any telephone facsimile machine, computer or

6

other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. § 227(b)(1).

ANSWER: Defendant states that the allegations contained in Paragraph 21 of Plaintiffs' Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 21 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.

22. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

ANSWER: Defendant states that the allegations contained in Paragraph 22 of Plaintiffs' Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 22 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.

23. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

ANSWER: Defendant states that the allegations contained in Paragraph 23 of Plaintiffs' Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 23 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.

24. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

ANSWER: Defendant states that the allegations contained in Paragraph 24 of Plaintiffs' Class Action Complaint are legal conclusions to which no answer is required.

> **To the extent that Paragraph 24 of Plaintiffs' Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

25. Defendant's violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiffs and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Class Action Complaint as alleged therein.**

26. The TCPA is a strict liability statute and Defendant is liable to Plaintiffs and the other class members even if its actions were only negligent.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Class Action Complaint as alleged therein.**

27. Defendant knew or should have known that Plaintiffs and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that no established business relationship existed.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Class Action Complaint as alleged therein.**

28. Defendant's actions caused damages to Plaintiffs and the other class members. Receiving Defendant's junk faxes caused the recipients to lost paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiffs' fax machine. Defendant's faxes cost Plaintiffs time, as Plaintiffs' and their employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiffs' business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiffs' and the other class members' privacy interests in being left alone.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Class Action Complaint as alleged therein.**

29. Even if Defendant did not intend to cause damage to Plaintiffs and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Class Action Complaint as alleged therein.**

**WHEREFORE**, Defendant, EXPRESS PRODUCTS, INC., respectfully requests that judgment be entered in its favor and against Plaintiffs with costs assessed against Plaintiffs.

### COUNT II—CONVERSION

Contemporaneous herewith, Defendant has moved for dismissal of Count II and, therefore, no answer is required or provided hereto.

### COUNT III—ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2

Contemporaneous herewith, Defendant has moved for dismissal of Count III and, therefore, no answer is required or provided hereto.

### AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, Express Products, Inc., by and through its attorneys, Kevin Campbell of LaBARGE, CAMPBELL & LYON, LLC and Eric L. Samore and Molly A. Arranz of SMITHAMUNDSEN LLC, and for its Affirmative Defenses to the Plaintiffs' Class Action Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. In its Class Action Complaint, Plaintiffs have failed to state a claim upon which relief may be granted against the defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs had consented and provided prior express invitation or permission for receiving information from Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. As applied in this matter, the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiffs are estopped from bringing this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims for damages are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and any applicable State Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

6. With respect to Plaintiffs' claims for damages, Defendant incorporates by reference all limitations on damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 US 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 US 1042 (2003).

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer to assert such defenses or claims.

**WHEREFORE**, Defendant, EXPRESS PRODUCTS, INC., respectfully requests that this Court enter an Order dismissing Plaintiffs' claims, with prejudice, and awarding costs of suit

to the Defendant.

    DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY.

                     Respectfully submitted,

               By:   /s/ Molly A. Arranz
                    Attorneys for Defendant
                    EXPRESS PRODUCTS, INC.

Kevin Campbell, ARDC # 0618398
LaBarge, Campbell & Lyon, LLC
200 W. Jackson Blvd.
Suite 2050
Chicago, IL  60606
Phone:  312-580-9010
Fax:  312-580-9011

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SmithAmundsen
150 N. Michigan Avenue
Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of March 2008, she served the Defendant, Express Products, Inc.'s **Answer to Plaintiffs' Class Action Complaint** on:

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | Bock & Hatch LLC |
| Anderson & Wanca | 134 N. LaSalle Street, Suite 1000 |
| 3701 Algonquin Road, Suite 760 | Chicago, IL  60602 |
| Rolling Meadows, IL 60008 | |

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]   Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on:  March 12, 2008.

/s/ Molly A. Arranz

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Counsel for Defendant,
EXPRESS PRODUCTS, INC.