Slip Copy    Page 1
Slip Copy, 2007 WL 4225732 (S.D.Ill.)
**(Cite as: Slip Copy)**

Locklear Elec. v. My Overhead Corp.
S.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Illinois.
LOCKLEAR ELECTRIC, individually and on behalf of all others similarly situated, Plaintiff,
v.
MY OVERHEAD CORPORATION, Concord Technologies, and Ibid Power, Inc ., Defendants.
**Civil No. 07-788-GPM.**

Nov. 26, 2007.

Lanny H. Darr, II, Schrempf, Blaine et al., Alton, IL, for Plaintiff.
C. Raymond Bell, Foley & Mansfield, PLLP, St. Louis, MO, Joseph R. Brown, Jr., Lucco, Brown et al., Edwardsville, IL, Ted R. Harvey, Jr., Freeark, Harvey et al., Belleville, IL, for Defendants.

*MEMORANDUM AND ORDER*

MURPHY, District Judge:

**I. INTRODUCTION**

***1** Plaintiff Locklear Electric ("Locklear") filed this case on September 26, 2005, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, against Defendant My Overhead Corporation ("My Overhead"). Locklear alleged that it had received unsolicited advertising via facsimile transmissions from My Overhead, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1-505/12. Additionally, Locklear sought to represent a class of similarly situated persons and entities in the State of Illinois who had received unsolicited advertising via fax from My Overhead in the preceding five years. On April 21, 2006, Locklear filed an amended complaint in state court, joining Concord Technologies ("Concord") as a party Defendant. On August 23, 2006, Locklear filed a second amended complaint in state court, joining iBid Power, Inc., ("iBid") as a party Defendant. In each of its complaints, Locklear pleaded for damages in an aggregate amount less than $5 million for all of the members of the proposed class. On October 9, 2007, Locklear moved for a grant of class certification in state court. In Locklear's memorandum of points and authorities in support of its motion for class certification, Locklear asserted that the potential liability of Concord and iBid in this case is nearly $49 million under TCPA.

Within thirty days of receipt of Locklear's brief in support of its motion for class certification, iBid removed the case from state court to this Court, alleging federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).FN1 Consistent with its usual practice in removed cases, the Court undertook preliminary review to ascertain the propriety of removal in this instance. *See, e.g., Kurz v. Fidelity Mgmt. & Research Co.,* No. 07-cv-709-JPG, 2007 WL 3231423, at *1 (S.D.Ill. Oct. 30, 2007); *Cox v. Strauch,* Civil No. 07-680-GPM, 2007 WL 2915593, at *1 (S.D.Ill. Oct. 5, 2007); *Lyerla v. Amco Ins. Co.,* 461 F.Supp.2d 834, 835 (S.D.Ill.2006). After careful review of iBid's notice of removal, as well as the entire record in this case, the Court entertains serious doubts that the removal of the case is timely.

> FN1. Because the sole basis for federal subject matter jurisdiction asserted in iBid's notice of removal is 28 U.S.C. § 1332, as amended by CAFA, and the time has expired to amend the notice of removal to assert any other basis for federal subject matter jurisdiction, the Court does not inquire as to whether any other basis for such jurisdiction exists in this case. "A notice of removal may be amended more than thirty days after the time to remove has ex-

pired 'only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.... Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.' " *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 937 (S.D.Ill.2006) (quoting *Alsup v. 3-Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 n. 2 (S.D.Ill.2006)).

## II. DISCUSSION

In general, federal courts have subject matter jurisdiction in diversity under CAFA over class actions and putative class actions filed on or after February 18, 2005, involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676-77 (7th Cir.2006); *Roche v. Country Mut. Ins. Co.,* Civil No. 07-367-GPM, 2007 WL 2003092, at *2 (S.D.Ill. July 6, 2007); *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.,* 461 F.Supp.2d 757, 760 (S.D.Ill.2006). Class actions filed in state court in which the statutory prerequisites for federal subject matter jurisdiction under CAFA are met may be removed to federal court. *See* 28 U.S.C. § 1453(b); *Lott v. Pfizer, Inc.,* 492 F.3d 789, 790 (7th Cir.2007); *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571 (7th Cir.2006); *Schillinger v. 360Networks USA, Inc.,* Civil No. 06-CV-138-GPM, 2006 WL 1388876, at *2 (S.D.Ill. May 18, 2006). For purposes of removal under CAFA, "commencement" of an action is tested under the law of the state where a class action originally was filed. *See Pfizer, Inc. v. Lott,* 417 F.3d 725, 726 (7th Cir .2005); *Knudsen v. Liberty Mut. Ins. Co.,* 411 F.3d 805, 806 (7th Cir.2005); *In re General Motors Corp. Dex-Cool,* No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *2 (S.D.Ill. Sept. 27, 2006). This action was commenced on September 26, 2005, when, as noted, Locklear filed its initial complaint in Illinois state court. *See* 735 ILCS 5/2-201(a) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint."); *Del Raine v. Carlson,* 826 F.2d 698, 707 (7th Cir.1987) (citing *Lawrence v. Williamson Ford, Inc.,* 300 N.E.2d 636, 640 (Ill.App.Ct.1973)) (under Illinois law, "suit is commenced by filing the complaint[.]").

**\*2** In this case it appears that this is a class action involving a proposed class of at least one hundred members in which the requisite minimal diversity of citizenship is present (Locklear is, like the members of the proposed class, an Illinois citizen, while iBid is an Ohio citizen) and in which an amount in excess of $5 million, exclusive of interest and costs, is in controversy. What principally concerns the Court is the timeliness of the removal of this case. The provisions of CAFA governing removal to federal court state, in pertinent part, "A class action may be removed to a district court of the United States in accordance with [28 U.S.C. § ] 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). The provisions of 28 U.S.C. § 1446, which, as noted, are expressly incorporated in Section 1453, state, in pertinent part, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Section 1446 provides further, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other pa-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

per from which it may first be ascertained that the case is one which is or has become removable[.]"*Id.*As this Court has recognized, the provisions of Section 1453 confer on any defendant joined and served after the effective date of CAFA a right to remove a class action within thirty days of receipt of a pleading showing that the action is removable under the statute. See Springman v. AIG Mktg., Inc., No. 07-737-GPM, 2007 WL 3406927, at * *3-7 (S.D.Ill. Nov. 14, 2007). Nonetheless, the Court is constrained to evaluate removals under CAFA through the lens of traditional rules governing removal from state court to federal court, save where CAFA abolishes such rules expressly. See Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co., No. 06-cv-678-DRH, 2007 WL 2122420, at * *5-6 (S.D.Ill. July 20, 2007); Kitson v. Bank of Edwardsville, Civil No. 06-528-GPM, 2006 WL 3392752, at * *13-14 (S.D.Ill. Nov. 22, 2006).

Among the traditional rules governing removal adhered to in this Circuit is that of waiver of the right to remove when a complaint in a case is sufficient to put a defendant on notice of the existence of federal subject matter jurisdiction in the case, yet the defendant fails to effect removal within thirty days of receipt of the complaint in accordance with 28 U.S.C. § 1446(b). As the United States Court of Appeals for the Seventh Circuit has recognized, defendants may choose to "hold [ ] back" their "federal cards" by waiting to remove until tactical considerations make a federal forum desirable, but they do so on peril of waiving their right to remove. Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 966 (7th Cir.1982) (holding that defendants waived the right to remove a case where the plaintiff's original complaint contained allegations of constitutional violations such as to make the case removable at its inception, yet the defendants failed to effect timely removal under Section 1446(b), and the addition of new federal claims in an amended complaint did not revive the defendants' right of removal).*See also* Ford v. Keck, No. 06-cv-667-DRH, 2007 WL 1022003, at * *2-6 (S.D.Ill. Apr. 2, 2006) (holding that a defendant could not attempt a second removal of a case on the basis of evidence regarding the jurisdictional amount in controversy for diversity purposes that was in the defendant's possession while the case was in federal court on an earlier removal in diversity jurisdiction, but which the defendant failed to submit to the court at that time); Jeffrey M. Goldberg & Assocs. v. Collins, Tuttle & Co., 739 F.Supp. 426, 430 (N.D.Ill.1990) (finding that the addition of a "new tortious interference claim" that did not change the basic legal theory in an initially removable complaint did not set in motion a new thirty-day period for removal); Herschman v. Travelers Ins. Co., No. 89 C 1109, 1989 WL 111848, at *2 (N.D.Ill. Sept. 21, 1989) (a defendant waived the right to remove a case where the initial complaint asserted federal claims when the case originally was filed; the addition of new federal claims to the complaint did not revive the defendant's right of removal).

**\*3** The rationale underlying the requirement of prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship and needless delay of litigation through belated removal. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay."*Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.,* 189 F.Supp. 82, 85 (N.D.Ill.1960). Similarly, "[t]he purpose of the 30-day limitation [on removal set out in 28 U.S.C. § 1446(b) ] is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."*Wilson,* 668 F.2d at 965. *See also* Roberson v. Orkin Exterminating Co., 110 F.Supp. 1324, 1327-28 (N.D.Ind.1991); FDIC v. Generes, 650 F.Supp. 66, 68 (N.D.Ill.1986). Accordingly, "[i]f a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal."*Gallagher v. Max Madsen Mitsubishi,* No. 90 C 0508, 1990 WL 129611, at *5 (N.D.Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ...§ 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely."*Id.* The procedural requirements governing removal, including the thirty-day time limit for removal set out in Section 1446(b), are "mandatory and strictly applied." *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill.2007); *Potter v. Janus Inv. Fund,* 483 F.Supp.2d 692, 703 (S.D.Ill.2007).*See also Mills v. Martin & Bayley, Inc.,* Civil No. 05-888-GPM, 2007 WL 2789431, at *2 (S.D.Ill. Sept. 21, 2007) ("Doubts concerning removal must be resolved in favor of remand to the state court.").

Consistent with the policy favoring prompt removal of cases, it is "a defendant's responsibility to ascertain from a reasonable and commonsense reading of,the complaint whether the action is removable."*Fields v. Jay Henges Enters., Inc.,* Civil No. 06-323-GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006) (quoting *McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002)) (holding that removal was untimely under 28 U.S.C. § 1446(b) where the allegations of a plaintiff's initial complaint were adequate to put the removing defendants on notice that the amount in controversy in a case satisfied the requirements of federal diversity jurisdiction, yet the defendants failed to effect removal within thirty days of receipt of the complaint).*See also Century Assets Corp. v. Solow,* 88 F.Supp.2d 659, 661 (E.D.Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are no numbers in the [complaint] at all," and holding that removal was untimely where it was apparent from the allegations of a complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy, but the defendants did not remove the case within thirty days of receipt of the complaint) (emphasis in original) (collecting cases). A failure to effect timely removal under Section 1446(b) is a procedural, not jurisdictional, defect in removal. *See Dudley v. Putnam Inv. Funds,* 472 F.Supp.2d 1102, 1105 (S.D.Ill.2007); *Fields,* 2006 WL 1875457, at *2;*Maori v. M & M Contractors, Inc.,* 897 F.Supp. 381, 383-84 (N.D.Ind.1995). In this case, the Court believes that the allegations of Locklear's second amended complaint joining iBid as a party Defendant were sufficient to put iBid on notice that an aggregate amount in excess of $5 million, exclusive of interest and costs, is in controversy in this case, so that iBid's failure to remove within thirty days of receipt of the complaint renders the removal of this action untimely.

**\*4** Locklear's second amended complaint joining iBid as a Defendant alleges on behalf of a class of persons and entities in Illinois willful violations of TCPA by My Overhead, Concord, and iBid over a period of five years. Any willful violation of TCPA is punishable in a private civil action under the statute through damages in an amount equivalent to the actual loss caused by the violation or $1,500, whichever is greater. *See*47 U.S.C. § 227(b)(3).*See also Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 537 (7th Cir.2006) (damages under TCPA are calculated on the basis of each violation of the statute); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir.2005) (same).*Accord Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,* 401 F.3d 876, 880 (8th Cir.2005); *Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 402 n. 1 (E.D.Pa.1995). In light of the allegations of the complaint, proof that Defendants transmitted a mere 3,334 unsolicited advertisements via fax over a period of five years would satisfy the $5 million jurisdictional threshold under CAFA. Accordingly, the Court believes that the allegations of Locklear's second amended complaint joining iBid as a party Defendant were sufficient to put iBid on notice that the amount in controversy in this case exceeds $5

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

million, so that iBid's attempted removal of this case more than thirty days after receipt of the second amended complaint is untimely.

Although, as noted, each of Locklear's complaints, including the second amended complaint joining iBid as a Defendant, pleaded for damages in an aggregate amount of less than $5 million on behalf of the proposed class, the Court attaches no significance to this fact in evaluating whether the removal of this case was timely under 28 U.S.C. § 1446(b). It is well settled, of course, that a removing defendant "need not show that the plaintiff will prevail or collect more than [the jurisdictional minimum amount for diversity purposes] if he does."*Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir.2006) (citing *St. Paul Mercury Indem. Co. v. RedCab Co.,* 303 U.S. 283 (1938)) (emphasis omitted). Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold."*Id. See also Brill,* 427 F.3d at 449 ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). By the same token, mere allegations in a complaint that a claim does not exceed the jurisdictional minimum amount for diversity purposes are "properly ignored" in valuing the claim. *American Bankers Life Assurance Co. of Fla. v. Evans,* 319 F.3d 907, 908 (7th Cir.2000). Because Illinois law does not limit a plaintiffs recovery to the amount of damages requested in a complaint, allegations in a complaint purporting to reduce a plaintiff's damages below the jurisdictional minimum for diversity purposes are "neither a limit on recovery ... nor a demand for" an amount less than the jurisdictional threshold; to ascertain the existence of diversity jurisdiction, a court must "look [ ] instead to the claim's actual value."*Id. See also BEMI, L.L. C. v. Anthropologic, Inc.,* 301 F.3d 548, 552 (7th Cir.2002); *Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir.1997). The law of this Circuit is very clear that only a binding stipulation or affidavit filed in state court, not a mere disclaimer of jurisdictionally-sufficient damages in a complaint, is effective to reduce a plaintiff's damages below the jurisdictional minimum amount and thus block removal in diversity. *See Workman v. United Parcel Serv., Inc.,* 234 F.3d 998, 1000 (7th Cir.2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 430 (7th Cir.1997); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992); *Southern Ill. Beverage, Inc. v. Hansen Beverage Co.,* No. 07-CV-391-DRH, 2007 WL 3046273, at *5 (S.D.Ill. Oct. 15, 2007); *Butter Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.,* 461 F.Supp.2d 768, 779-80 (S.D.Ill.2005). In this case, the allegations of Locklear's second amended complaint were sufficient to put iBid on notice that the amount in controversy in this case exceeds $5 million, notwithstanding the allegations of the complaint disclaiming a jurisdictionally-sufficient recovery. In view of iBid's failure to effect removal within thirty days of receipt of the complaint, the Court believes that the removal of this case is untimely.

**\*5** The Seventh Circuit Court of Appeals encourages district judges to notice procedural defects in removal sua sponte. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service."*In re Continental Cas. Co.,* 29 F.3d 292, 295 (7th Cir.1994). By the same token, however, district judges may not remand cases sua sponte on the basis of procedural defects in removal. The reason is that such defects are waived if not objected to by a plaintiff within thirty days of removal, *see*28 U.S.C. § 1447(c), and a plaintiff whose case finds its way into federal court via removal may wish to waive a procedural defect in removal and stay in federal court. In *In re Continental Casualty* the court explained, "Ever since *Ayers v. Watson,* 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum."29 F.3d at 294. The court said further, "Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum."*Id.* (citing Fed.R.Civ.P. 12(h)(1)) (emphasis in original). As a practical matter, of course, "parties who have chosen to file in a state court almost invariably prefer to remain there, so that they tend to resist removal on any available basis."*Viero v. Bufano,* No. 95 C 2281, 1995 WL 248082, at *1 (N.D.Ill. Apr. 25, 1995). Correspondingly, in *In re Continental Casualty* the Seventh Circuit Court of Appeals held that district courts, upon noticing procedural defects in removal, "should alert the parties" to such defects, so that plaintiffs can make an informed decision about whether to remain in federal court. 29 F.3d at 295. Consistent with the procedure recommended by the Seventh Circuit Court of Appeals in *In re Continental Casualty,* having noticed a procedural defect in the removal of this action, specifically, the untimeliness of the removal of this action under 28 U.S.C. § 1446(b), the Court will take appropriate measures to ascertain whether Locklear wishes to waive the defect in removal and acquiesce in federal jurisdiction, or whether it prefers instead to seek remand on the basis of the defect in removal.

### III. *CONCLUSION*

It is hereby **ORDERED** that Locklear shall file not later than 12 p.m. on December 5, 2007, either: a motion for remand of this case to state court on the basis of the procedural defect in the removal of the case addressed in this Order, to wit, the untimeliness of the removal under 28 U.S.C. § 1446(b); or a written consent to removal. It is further ORDERED that iBid shall file not later than 12 p.m. on December 5, 2007, any explanation it may have for the procedural defect in the removal of this case addressed in this Order. The parties' submissions should not exceed twenty (20) pages in length.

**\*6 IT IS SO ORDERED.**

S.D.Ill.,2007.
Locklear Elec. v. My Overhead Corp.
Slip Copy, 2007 WL 4225732 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.