Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1989 WL 111848 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Herschman v. Travelers Ins. Co.
N.D.Ill.,1989.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Jay B. HERSCHMAN, D.D.S., and Barry Herschman, Plaintiffs,
v.
The TRAVELERS INSURANCE COMPANY, Defendant.
**No. 89 C 1109.**

Sept. 21, 1989.

*MEMORANDUM OPINION AND ORDER*

MAROVICH, District Judge.

***1** This case comes before the court on plaintiff's motion to remand to the Circuit Court of Cook County. Plaintiff claims that defendant's petition for removal was untimely and failed to meet the formalities required for removal to this court. After review of the parties' briefs, the court grants plaintiff's motion to remand and remands this case to the Circuit Court of Cook County.

The plaintiffs originally filed this action against Travelers Insurance Company in the Chancery Division of the Circuit Court of Cook County on November 21, 1986. The original complaint sought a declaratory judgment that plaintiff Barry Herschman was entitled to medical insurance coverage under an insurance policy issued by defendant Travelers Insurance Company. On January 13, 1989, plaintiffs filed an amended complaint which contained two new counts; one under the Employee Retirement Income Security Act (hereinafter "ERISA"), and the second for attorneys fees under Illinois Revised Statute ch. 73, para. 767. Defendants filed a petition to remove this suit to federal court on February 10, 1989 pursuant to 28 U.S.C. § 1441(b) which permits removal to the district courts for any action in which the district courts have original jurisdiction based on claims arising under the laws of the United States.

The federal removal statute provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

28 U.S.C. § 1446(b) (1988).

Plaintiff argues the original complaint was removable on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). Plaintiff reasons that since the amended complaint did not first create the basis for removal, the petition for removal was required to be filed within 30 days of the original complaint. Plaintiff also reasons that the ERISA claim did not substantially change the nature of the original complaint. Therefore, the filing of the amended complaint did not begin another 30 day period to petition for removal.

Defendant responds that under the original complaint, the only basis for federal jurisdiction was diversity of citizenship. The amended complaint added a federal question based on ERISA for the first time which defendant reasons substantially changed the nature of the litigation. Defendant relies on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323   Document 16-12   Filed 04/02/2008   Page 2 of 2

Not Reported in F.Supp.
Not Reported in F.Supp., 1989 WL 111848 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

*Craig Foods Indus. v. Taco Time Intern. Inc., 469 F.Supp. 516 (D.Utah 1979)*, wherein the court granted a petition for removal filed within 30 days of the amended complaint. In that case, the court held that the addition of a count alleging violations under the Lanham Act raised for the first time in the amended complaint, substantially changed the nature of the litigation so as to permit removal despite the existence of diversity apparent in the original complaint. Since defendant filed its petition to remove within 30 days of the amended complaint, defendant asserts that its petition was timely. Defendant also argues that the unique nature of a claim asserted under ERISA requires uniform interpretation, application and enforcement and, therefore, should be removed to the district court.

**\*2** The court agrees with plaintiff that the original complaint was removable and defendant should have filed its petition for removal within 30 days of being served the original complaint. The original cause of action set forth the factors necessary to assert diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Therefore, the original complaint was removable pursuant to 28 U.S.C. § 1441(a). Under the original complaint, plaintiffs sought a declaratory judgment defining the parties' rights under the insurance policy issued by the defendant. The amended complaint which set forth a cause of action under ERISA also sought a determination of the parties' rights under the insurance policy and a recovery of benefits allegedly due from the policy. The amended complaint maintains essentially the same cause of action as the original complaint. The amended complaint did not change the target of the attack or nature of the relief plaintiffs sought. *Wilson v. Intercollegiate (Big Ten) Conf. etc., 668 F.2d 962, 966 (7th Cir.1982)*. Although the amended complaint added a federal statutory cause of action for the first time, it did not alter the basic legal theory plaintiffs first adopted. The amended complaint did not require defendants to face an entirely new cause of action. *Wilson v. Intercollegiate (Big Ten) Conf. etc.,* 668 F.2d at 965, *quoting Fletcher v. Hamlet,* 116 U.S. 408, 410 (1886) (permitting removal where "the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.' ").

Defendant also relies on *Metropolitan Life Ins. Co. v. Taylor,* ---U.S. ----, 107 S.Ct. 1542 (1987) and *Pilot Life Ins. Co. v. Dedeaux,* --- U.S. ----, 107 S.Ct. 1549 (1987), to support his claim that uniformity in the application of ERISA claims requires claims asserted under ERISA to be removed to federal court. These cases stand for the proposition that causes of action arising under state common law are preempted by ERISA and its civil enforcement provision. Congress has provided for concurrent jurisdiction between state and federal courts in cases asserting ERISA claims arising under 29 U.S. § 1332(a)(1)(B) as alleged in this case. 29 U.S.C. § 1332(e). Therefore, it is not necessary to remove this case to provide for uniform application of ERISA claims. Accordingly, the court finds that defendant's petition for removal was untimely and the cause is remanded to the Circuit Court of Cook County.

The court declines to award Rule 11 sanctions.

N.D.Ill.,1989.
Herschman v. Travelers Ins. Co.
Not Reported in F.Supp., 1989 WL 111848 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.