Not Reported in F.3d                                                                                                    Page 1
Not Reported in F.3d, 2006 WL 1458585 (C.A.7 (Ill.))
**(Cite as: Not Reported in F.3d)**

Natale v. General Motors Corp.
C.A.7,2006.
Only the Westlaw citation is currently available.
United States Court of Appeals,Seventh Circuit.
Anthony NATALE, Jr., on behalf of himself and others similarly situated, Plaintiff-Respondent,
v.
GENERAL MOTORS CORPORATION, Defendant-Petitioner.
No. 06-8011.

May 8, 2006.

Petition for Permission to Appeal Pursuant to 28 U.S.C.A. 1453(c) Southern District of Illinois. No. MDL-03-1562-GPM. G. Patrick Murphy, Chief Judge.

Robert B. Ellis, Kirkland & Ellis, Chicago, IL, for Defendant-Petitioner.
David Pastor, Gilman & Pastor, Boston, MA, for Plaintiff-Respondent

Before Hon. WILLIAM J. BAUER, Hon. DIANE P. WOOD, and Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

**\*1** General Motors Corporation (GM) seeks leave to appeal the district court's remand of this class action to state court, arguing that the suit was "commenced" after the effective date of the Class Action Fairness Act (CAFA) of 2005, Pub.L. 109-2, § 9, 119 Stat. 4, 14. The plaintiffs have responded, so the matter is ready for resolution. We deny the petition.

The plaintiffs brought suit alleging that the coolant system in some GM cars is defective, in breach of a warranty. The complaint was filed in Massachusetts state court a week before CAFA became effective, with the lead plaintiff named as Anthony Natale. But the complaint was not served on GM. It turned out that Natale actually did not have a car with the allegedly defective coolant; this was added to GM cars in 1996, and Natale owned a model year '95 vehicle. Several months after the initial complaint was filed, the plaintiffs served on GM an amended complaint that added a new named plaintiff, John Burns, who owns a car with the disputed coolant. GM believed that the amended complaint actually initiated the lawsuit; the original complaint was a nullity, it argued, because of the failure to effectuate service. GM therefore removed the action to the district court in Massachusetts before the plaintiffs had filed the amended complaint with the state court. Shortly thereafter the multi-district litigation panel transferred the matter to the Southern District of Illinois. The district court in Illinois denied GM's motion to conduct limited discovery to prove that Natale was an improper plaintiff and remanded to Massachusetts state court.

GM smells something fishy in all this, and it seems to have a point: the plaintiffs' actions smack of place-holding. After a similar class action suit was dismissed, they rushed to file this suit before CAFA became effective, naming an inappropriate class representative while they looked for a more suitable plaintiff. This looks like the most likely explanation for the plaintiffs' failure to serve GM with the original complaint (they do not allege that they had difficulty effectuating service). Filing it with the court but not serving it was the quietest way to get their foot in the door, pre-CAFA, without arousing the defendants' protest before they could finalize the amended complaint with the proper plaintiff. Nevertheless, the question for us is not whether the plaintiffs acted nobly, but whether their lawsuit was "commenced" after CAFA's effective date.

We must first resolve a preliminary jurisdictional matter. The plaintiffs argue that GM's petition is untimely. The contention is frivolous. 28 U.S.C. 1453(c)(1) provides that "a court of appeals may accept an appeal from an order granting or denying

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

a motion to remand a class action ... if application is made to the court of appeals not less than 7 days after the entry of the order."Here, GM did not petition this court within seven days of the district court's remand order, but that is simply because GM filed a motion for reconsideration of the remand. It did petition within seven days of the district court's order denying that relief. Federal Rule of Appellate Procedure 4(a)(4) provides that the time limit for an appeal runs from an order resolving a post-judgment motion like a motion to reconsider, but the plaintiffs argue that this rule doesn't apply because § 1453(c)(1) is so specific. We rejected this same argument in the similar context of petitions under Federal Rule of Civil Procedure 23(f) in Blair v. Equifax Check Servs., 181 F.3d 832, 837 (7th Cir.1999). Whatever the technical limitations of Rule 4(a)(4), extension through post-judgment motions of the time limit for appealing is a well-accepted doctrine of federal common law, and we see no reason why it should not apply in this context.

**\*2** Now to the merits of GM's claim that the suit did not commence until the amended complaint was served. GM contends that since the original complaint was a nullity, the amended complaint cannot relate back to it-there was nothing to relate back to. In support it cites Massachusetts Rule of Civil Procedure 4(j), which states that if the complaint is not served within 90 days, the action "shall be dismissed" unless the plaintiff can show good cause. The plaintiffs argue that their amended complaint *was* served within 90 days, so the complaint was not dismissable. But the defendants point to Gill v. Philip Morris Co., No. 9700430, 1998 WL 1184127 (Mass.Dist.Ct. Jan. 27, 1998) (unpublished), which holds that when an unserved opening complaint is followed by an amended complaint that is served but not filed within the 90-day limit, the suit is dismissible.

Assuming that GM is correct on this point, the argument does not prove as much as it thinks. Even if the suit was *dismissible*-and it may not have been,

if the plaintiffs could show cause, although they certainly haven't attempted to do so here-it had not yet been *dismissed,* and so there was something for the amended complaint to relate back to. Massachusetts Rule of Civil Procedure 3 provides that in Massachusetts (as in Illinois, *see Pfizer, Inc. v. Lott,* 417 F.3d 725, 726 (7th Cir.2005)), a lawsuit is commenced when the complaint is filed with the court; no other action must be taken. "Deficiencies thereafter, as in service of appropriate process, are important and may be ground for dismissal," but they do not affect the suit's commencement or deprive the court of jurisdiction. *Big D. Carpets, Inc. v. Welch Group, Inc.,* 37 Mass.App.Ct. 312, 639 N.E.2d 1085, 1087 (Mass.App.Ct.1994); *see also Natale v. Pfizer, Inc.,* 424 F.3d 43, 44 (1st Cir.2005). Thus the lawsuit *did* commence with the filing of the original complaint. As in our decision in *Phillips v. Ford Motor Co.,* 435 F.3d 785 (7th Cir.2006), where the original named plaintiff was likely barred by the statute of limitations, the initial plaintiff in this suit was problematic. But, as in *Phillips,* the suit was still alive when the amended complaint with the new plaintiff was served-it had not been dismissed-so relation back was indeed possible. And it would be appropriate in such circumstances under Massachusetts law, for the test is whether the new allegations arise from the same transaction or occurrence as the original ones, and whether the original complaint provided the defendants notice of the claims in the amended complaint. See *Weber v. Cmty. Teamwork, Inc.,* 434 Mass. 761, 752 N.E.2d 700, 784-85 & n. 46 (Mass.2001).

GM also contends that the district court erred in refusing to allow it to conduct discovery to show that the original plaintiff was inappropriate. But this again simply takes us back to *Phillips.*There the initial plaintiff was unsatisfactory too, but this court held that even if a lawsuit is started with the wrong class representative, the plaintiffs can amend and add new class representatives without commencing a new lawsuit for CAFA purposes.

**\*3** PETITION DENIED.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.3d, 2006 WL 1458585 (C.A.7 (Ill.))
**(Cite as: Not Reported in F.3d)**

C.A.7,2006.
Natale v. General Motors Corp.
Not Reported in F.3d, 2006 WL 1458585 (C.A.7 (Ill.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.