Case No. 08-1323                                                                    3004105

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BUSINESS PRO COMMUNICATIONS, INC., an | ) | |
| Illinois corporation and TUNICA PHARMACY, | ) | |
| Inc., individually and as the representatives of a | ) | |
| Class of Similarly-Situated Persons, | ) | |
| | ) | Judge St. Eve |
| Plaintiffs, | ) | Magistrate Valdez |
| | ) | |
| v. | ) | Case No.  08 C 1323 |
| | ) | |
| EXPRESS PRODUCTS, INC. | ) | |
| Defendant. | ) | |

---

### DEFENDANT, EXPRESS PRODUCTS, INC.'S RESPONSE MEMORANDUM
### IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

**NOW COMES** Defendant, EXPRESS PRODUCTS, INC., by and through its attorneys, and for its Response Memorandum in Opposition to Plaintiffs' Motion for Remand states:

Plaintiffs have moved for remand, but all three of the bases provided for remand are insufficient.  Contrary to Plaintiffs' claims, this case was not removable as originally pled; Defendant did not have notice that the case was removable until the filing of the Amended Complaint; and, the Amended Complaint stated a new cause of action, which made this matter removable.  Therefore, the Court should deny the Motion for Remand.

## I.      FACTUAL BACKGROUND.

In 2004, Plaintiff, Business Pro Communications, Inc. ("Business Pro"), filed a Complaint ("Original Complaint") against Defendant, Express Products, Inc. ("Express Products").  (Compl., ¶¶ 9-10)(Doc. #1-2.)  Express Products alleged that Defendant had sent "three unsolicited advertisements to Plaintiff's facsimile machine" in Illinois in 2004, which violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227.  (*Id.*, ¶¶ 2,

11.)  Plaintiff attached the three, subject facsimiles to the Original Complaint.  (*Id.*)  Plaintiff

claimed that "Defendant has transacted business in Illinois" and the "business activities"

involved "Illinois residents and Illinois fax machines."  (*Id.*, ¶ 6.)

Thereafter, the case proceeded between Business Pro and Express Products.  There was

no class certification.  At the close of fact discovery, in July 2007, Defendant filed a summary

judgment motion showing Defendant was entitled to judgment in regard to the three faxes at

issue. (Def.'s Summ. J. Mot. attached hereto as **Exhibit 1**.)  Plaintiff never filed a Response to

indicate that any additional faxes were at issue.

On February 7, 2008, Plaintiff was granted leave to file its First Amended Complaint

("Amended Complaint").  (*See* Doc. #1-3, 1-4.)  The Amended Complaint added a new Plaintiff,

Tunica Pharmacy ("Tunica"), a Mississippi corporation.  Express Products remained the sole

defendant.  Plaintiffs amended the allegations to claim that "Defendant has transacted business

and committed tortious acts" generally.  (Am. Compl., ¶¶ 6-7.)  Plaintiffs alleged that Defendant

"faxed more than 80 advertisements" to Business Pro and approximately thirty advertisements to

Tunica.  (*Id.*, ¶¶ 11-12.)  Plaintiffs attached copies of "some" of the facsimiles at issue between

Defendant and Business Pro and separate facsimiles at issue between Tunica and Defendant.

(*Id.*)  Besides alleging a TCPA violation and conversion, Plaintiffs now alleged a violation of the

Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, and sought attorneys' fees.  (*See id.* at

10.)  Plaintiffs also requested injunctions in the prayers for relief.  (*Id.* at 7, 12.)

In its Notice of Removal, appended hereto without exhibits as **Exhibit 2**, Defendant

detailed how this Honorable Court has original jurisdiction based upon the conventional tenets of

Section 1332 and the provisions of the Class Action Fairness Act of 2005 ("CAFA").  *See* 28

U.S.C. §§ 1332(a)-(d).  Since this Honorable Court has original jurisdiction over this matter,

removal pursuant to 28 U.S.C. Sections 1441 and 1446 was proper.  Removal of this action was only triggered by the filing of the Amended Complaint because: this was the first instance in which Defendant could ascertain that the case was one that had become removable; and, the Amended Complaint commenced a new cause of action.  (*See* Exh. 2 at 4-12.)

## II.    THE ORIGINAL COMPLAINT WAS NOT REMOVABLE AS THE FEDERAL COURT DID NOT HAVE ORIGINAL JURISDICTION IN 2004.

The Original Complaint, filed in 2004, was not removable under either federal question jurisdiction or diversity jurisdiction.  First, Plaintiffs cite to *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), a 2005 Seventh Circuit decision, to claim that this 2004 case was originally removable.  However, *Brill*'s finding occurred a year after this case had commenced, was based upon Supreme Court precedent not in existence at the time of the Original Complaint, and had no retroactive effect on this matter.  *Brill* recognized that it was making new case precedent by looking to a 2005 Supreme Court case that had expanded federal question jurisdiction and due to the enactment of the Class Action Fairness Act ("CAFA").  Second, Plaintiffs' claim that diversity jurisdiction was a ground for removal under the Original Complaint similarly fails.  The crux of Plaintiffs' argument in this regard is ***not*** what the Original Complaint said or what was actually disclosed in discovery; instead, Plaintiffs simply argue that Defendant has "known" that it was subject to undisclosed, additional liability even though Plaintiffs cite to no allegation or notification in the case that put Defendant on notice.  Such a supposition is no basis for claiming Defendant could have removed under diversity jurisdiction.

### A.    THIS CASE WAS NOT ORIGINALLY REMOVABLE UNDER FEDERAL QUESTION JURISDICTION.

When Business Pro filed its Original Complaint in this matter, there was no federal question jurisdiction for actions filed under the TCPA.  *See Repay v. Flag Co., Inc.*, 326 F. Supp.

Case No. 08-1323                                                                    3004105

2d 884, 885 (N.D. Ill. 2004); *Stonecrafters v. CM Systems*, 2003 U.S. Dist. LEXIS 20092, *5

(N.D. Ill. Oct. 21, 2003)(attached hereto as **Exhibit 3**.)  Furthermore, nowhere did the Seventh

Circuit find—in *Brill*—that this major shift in case precedent, whereby TCPA cases were, for the

first time, considered federal question cases, would apply retroactively to cases filed and pending

prior to this new case precedent in 2005.  Therefore, Plaintiffs' contention in the Motion for

Remand that this matter was removable under federal question jurisdiction is wholly contrary to

the case precedent and without basis.

> **1.     The Finding That A TCPA Case Presented A Federal Question Was A
>          Determination Made Only After A Major Change In Case Precedent
>          And A Year After The Instant Matter Had Been Pending.**

At the time of filing of the Original Complaint, six Circuit Courts and the Northern

District of Illinois had found that federal question jurisdiction was not available for TCPA cases

as "legislative intent…show[ed] Congress did not mean to confer federal jurisdiction for actions

under the TCPA."  *Stonecrafters*, 2003 U.S. Dist. LEXIS at *4 (citing *Murphey v. Lanier*, 204

F.3d 911 (9th Cir. 2000); *Nicholson v. Hooters of Augusta*, 136 F.3d 1287 (11th Cir. 1998);

*Foxhall Realty L. Off. v. Telecomm. Premium Serv., Ltd.*, 156 F.3d 432 (2d Cir. 1998); *Erienet,
Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Int'l Sci. Tech. Inst. v. Inacom Comm.*,

106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir.

1997)).

Then, in October 2005, almost a year after the filing of the Original Complaint, the

Seventh Circuit established new case precedent for TCPA matters by finding that a complaint

based upon the TCPA could be removed to federal court based upon federal question

jurisdiction.  *Brill*, 427 F.3d at 451.  This finding was a major change in interpretation of a

federal statute, and this significant shift was made only because of a 2005 Supreme Court

decision that modified the law on federal question jurisdiction.  Specifically, *Brill* changed the law on federal question jurisdiction in the Seventh Circuit by looking to a 2005 Supreme Court decision, *Grable & Sons Metal Prods. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363 (2005), to find, only as of 2005, that TCPA cases could be removed pursuant this jurisdictional basis.

In *Brill*, the Seventh Circuit considered whether a 2005 TCPA case could be removed to federal court pursuant to CAFA and whether it could be removed pursuant to federal question jurisdiction.  *Brill*, 427 F.3d at 447.  With regard to the issue of whether "state courts have exclusive jurisdiction to resolve suits under the Telephone Consumer Protection Act," the Seventh Circuit reversed the district court's finding that no federal question jurisdiction existed for TCPA cases.  *Id.* at 449-51.  The district court had considered six other Courts of Appeal to find that the TCPA did not authorize litigation in federal court.  *Id.* at 450.  However, upon review, the Seventh Circuit reversed because the district court's decision did not apply the findings of *Grable*, which came after the decisions in the other six Circuits.  *Id.*  Importantly, the Seventh Circuit found that *Grable*, a 2005 Supreme Court decision, resolved a conflict in "the Supreme Court's own decisions" on the breadth of federal jurisdiction by holding that "federal jurisdiction does not depend on the existence of a private right of action under federal law."  *Id.* In *Brill*, for the first time, the Seventh Circuit applied this new resolution of the *Grable* Court to a TCPA action to change, dramatically, the opportunity for Defendants to remove actions under federal question jurisdiction.  *See id*.  The *Brill* court found that just because the TCPA did not mention "removal or the general federal-question jurisdiction" did not mean that these cases could not be removed to federal court or that state jurisdiction was exclusive.  *Id*.  Given the application of the finding of *Grable* to interpretation of the TCPA in *Brill*, the *Brill* Court made

new case precedent for removal actions for TCPA matters.

This wholly new legal construct—by which defendants could remove actions under the TCPA to federal court—eluded this Defendant when the case was first filed. In 2004, no TCPA cases could be removed to federal court. *Repay*, 326 F. Supp. 2d at 885. Only by a 2005 Supreme Court decision in *Grable*, which was implemented by the Seventh Circuit in the 2005 decision of *Brill*, did these actions become removable under federal question jurisdiction. Therefore, this Defendant could not have removed this action in 2004 or in 2005[1]. Plaintiffs' argument that this 2004 case was originally removable under *Brill*—which was only decided in 2005 after a major shift in federal question jurisdiction by a 2005 Supreme Court decision—fails.

    **2.**       **The Cases Cited By Plaintiffs Are Distinguishable On The Facts; Also, They Did Not Consider That *Brill* Did Not Apply Retroactively.**

The cases cited by Plaintiffs in the Motion for Remand for the proposition that this case was removable from state court at the time of the Original Complaint—under federal question jurisdiction—are not only distinguishable from this case on their facts but those two cases did not consider that *Brill* was not retroactively applied.

First, the cases cited by Plaintiffs in the Motion for Remand are distinguishable from the case at hand. The Original Complaint was filed in 2004, when there was no federal question jurisdiction for actions filed under the TCPA. *See Stonecrafters*, 2003 U.S. Dist. LEXIS 20092 at *5. In the cases cited by Plaintiffs, nowhere did either case find that cases filed in 2003 or 2004 could have been properly removed at that time pursuant to federal question jurisdiction.

Instead, in *CE Design Ltd. v. Kallman Worldwide, Inc.*, Case No. 06-2946, 2006 U.S. Dist. LEXIS 88251 (N.D. Ill. Dec. 5, 2006), the Court considered whether Defendant had timely

---

[1] Beyond the time restraints for removal imposed by Section 1446, Defendant did not "gain" a new opportunity to remove once *Brill* was decided because the "order or other paper" issue of Section 1446 only applies to orders generated in the same suit. *See e.g.*, *Kwiatkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946 (S.D. Ill. 2005)(attached as **Exhibit 4**.)

Case No. 08-1323                                                          3004105

removed after the filing of the amended complaint.  *Id.* at *1-*2.  Plaintiff had filed and served

an amended complaint on September 6, 2005, but only on May 26, 2006, did Defendant remove

the action.  *Id.*  The Court found that upon the service of the ***amended complaint*** on September

6, 2005, Defendant knew or should have known—immediately—that the case was removable.

*Id.* at *2.  Since the Defendant had waited more than eight months for removal, it had untimely

removed the case.  *Id.* at *3.  Similarly, in *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F.

Supp. 2d 826, 827 (N.D. Ill. 2006), "[e]ighty days after receiving notice of the suit, defendant

removed the case" to federal court claiming diversity, federal question jurisdiction, and

jurisdiction under CAFA.  The Court also noted that "[b]oth parties agree in this case that all the

requirements for diversity jurisdiction have been met, and *existed at the time of the initial*

*pleading*."  *Id.* at 829 (emphasis added.)  The Court did consider removal of TCPA cases based

on federal question jurisdiction, but, the court looked to prior cases where the original grounds

for removal were not only federal question jurisdiction but diversity jurisdiction.  *Id.*  Without

citing the specific grounds for finding removal untimely—i.e., because defendant did not

properly remove under diversity jurisdiction or under federal question jurisdiction—that Court

simply concluded that "this case was removable as stated in the pleadings."  *Id.* at 830.

Second, and equally important, neither *CE Design* nor *GM Sign* considered that the

finding of *Brill* as to federal question jurisdiction was not to be applied retroactively.  *Brill*'s

finding only affected cases brought after this landmark decision.  Nowhere does *Brill* state that

this change in the law of jurisdiction for TCPA cases would apply retroactively to pending

TCPA cases.  In fact, the *Brill* case could not have had this effect as "'retroactivity is not favored

in the law.'"  *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 976, 978 (N.D. Ill.

2000)(citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264, 114 S. Ct. 1483 (1994)).  Neither

Case No. 08-1323                                                                    3004105

of the cases cited by Plaintiffs considered this applicable legal tenet.

When there is a major shift in federal law, "a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties." *Thomas & Betts Corp.*, 108 F. Supp. 2d at 978. If a new interpretation of a federal statute impairs a party's rights, increases a party's liability for past conduct, or imposes new duties with respect to actions already completed, than this interpretation would have a retroactive effect. *See id.* at 982. If a court determines that applying the terms as indicated would have such a retroactive effect, then "the judicial presumption against retroactivity would bar its application." *Id.*

In the instant case, to find that Express Products could have removed this case pursuant to federal question jurisdiction—in 2004—when all case precedent, including the Northern District of Illinois and six Federal Circuits, had found that no federal question jurisdiction existed—would impose a new duty regarding past actions on Defendant and would severely impair Defendant's rights. *Thomas & Betts Corp.*, 108 F. Supp. 2d at 982. This finding "is not favored in the law," and, in fact, there is a "judicial presumption against retroactivity" that bars such application. *Id.* In other words, the Plaintiffs' claim that this case was removable in 2004 under federal question jurisdiction requests—improperly—that this court retroactively apply a major shift in jurisdictional law to affect adversely the Defendant. Such an application is barred.

### B.    THIS CASE WAS NOT ORIGINALLY REMOVABLE UNDER DIVERSITY JURISDICTION.

Plaintiffs attempt to read into the Original Complaint non-existent, fact allegations to claim that the Original Complaint was removable pursuant to diversity jurisdiction. (Pl.'s Mot. for Remand at 7-10.) However, Plaintiffs provide ***no citation*** to actual allegations of the Original Complaint to demonstrate how Defendant was put on notice that there was more than $75,000 in controversy. Instead, Plaintiffs vaguely claim that Defendant just "knew" that the

individual Plaintiff was "suing about all junk faxes Defendant sent" to the named Plaintiff. (Pl.'s

Mot. for Remand at 8.)   Such conjecture is completely irrelevant for showing whether *the*

*pleadings* of the Original Complaint showed that removal was proper under diversity

jurisdiction.   Plaintiffs ask the Court to overlook and ignore the plain allegations in the Original

Complaint to insert or substitute allegations never made.   Instead, by analyzing the Plaintiff's

***actual*** allegations and disclosures, it becomes apparent that this case, prior to the filing of the

Amended Complaint, provided no indication that this case was removable.

   The facts pled in the Original Complaint were that Defendant had sent "three unsolicited

advertisements to Plaintiff's facsimile machine" in Illinois in 2004, which violated the TCPA.

(Pl.'s Compl., ¶¶ 2, 11.)   Plaintiff attached the three facsimiles at issue.   (*Id.*)   The case then

proceeded between Business Pro and Express Products.   After the close of discovery, Defendant

filed a summary judgment motion—based upon the three faxes at issue between the named

Plaintiff and named Defendant—showing Defendant was entitled to judgment as a matter of law.

Plaintiff did not amend the Original Complaint prior to the close of discovery or prior to

Defendant's filing its Summary Judgment Motion.   In other words, Plaintiffs cite to no allegation

in the Original Complaint as to how it had stated a cause of action in excess of $75,000.

Plaintiffs' claims of what Defendant purportedly "always knew" do not meet the burden for the

Plaintiffs.

   Furthermore, Plaintiffs cannot aggregate the claims of a class of persons to show that

somehow $75,000 was in controversy.   (*See e.g.*, Pl.'s Mot. for Remand at 3.)   Tellingly,

Plaintiffs attempt to show that $75,000 was originally at issue by citing to class allegations;

however, that is not the proper analysis under Section 1332(a) because the aggregate injury to a

potential class of persons is not what is considered.   Plaintiff's individual claim against the

individual Defendant needed to demonstrate $75,000 in controversy.  No such showing has been made by Plaintiffs in the Motion for Remand.  Reading the actual allegations *of Business Pro* in the Original Complaint, it is apparent that Plaintiff did not allege a case removable under conventional diversity jurisdiction.

## III.    THE FIRST TIME THE CASE BECAME REMOVABLE WAS WITH THE FILING OF THE AMENDED COMPLAINT BY WHICH THE DEFENDANT COULD FIRST ASCERTAIN THE CASE HAD BECOME REMOVABLE.

Plaintiffs argue that "[o]bviously…Defendant has always known how many ads it faxed to Business Pro" or, in the alternative, Defendant "'learned' during discovery in 2006 and in 2007" that Plaintiff was challenging all "junk faxes Defendant sent."  (Pls. Mot. for Remand at 9.)  However, these statements are not grounded in the law or facts of this case.  Specifically, nowhere do Plaintiffs cite to any allegation in the Original Complaint or any disclosure in discovery **by Plaintiff** by which Defendant could ascertain that this case was removable under 28 U.S.C. Section 1332.  Instead, Plaintiffs rely on assumptions of what is "obvious"—without a citation to any disclosure in this case—and what "Defendant has always known" about its faxing practice.  (*See e.g.* Mot. For Remand at 8-9.)  These arguments are wholly insufficient.

First, this case was not removable given the allegations of the Original Complaint, as explained more fully in Section II, *supra*.  Plaintiffs' short argument that the Original Complaint put Defendant on notice of a claim removable under diversity jurisdiction fails because the allegations regarding the named Plaintiff regarded, only, its receiving three facsimiles.  The amount in controversy under the unequivocal allegations of the Original Complaint was, at most, $4,500.  Therefore, the actual allegations do not show a removable action; and, what Plaintiffs believe is "obvious" is not a legally cognizable basis for removal.

Case No. 08-1323                                                                3004105

Second, there has been no "other paper" submitted in this case that has triggered Defendant's opportunity to remove. Section 1446(b) recognizes that if a case is not originally removable, a notice of removal may be filed within thirty days of Defendant's receiving an amended pleading, motion, order or "other paper" from which it may first be "ascertained" that the case has become removable. 28 U.S.C. §1446(b). However, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time running for a notice of removal." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)(citing Tenth Circuit precedent)(attached hereto as **Exhibit 5**.) This threshold promotes judicial economy as it "reduce[s] 'protective' removals by defendants faced with an equivocal record." *Id.* The rule also "discourage[s] removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts." *Id.* This analysis is also consistent with the specific language of 28 U.S.C. Section 1446(b), whereby "a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading...from which it may first be ascertained that the case is one which is or has become removable." *Bosky*, 288 F.3d at 211 (citing 28 U.S.C. §1446(b)). This issue of "'[a]scertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty.'" *Id.*

Here, Plaintiffs rely on three excerpts of discovery in this case to claim that this case was removable before the filing of the Amended Complaint; however, and importantly, none of this discovery was from Plaintiff and none of these documents showed a certain, exact or precise indication that the case had become removable.

The cases cited by Plaintiffs in support of the argument that vague references in discovery made this case removable fail. In *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*,

189 F. Supp. 82 (N.D. Ill. 1960), the Court found that Defendant **had** timely removed the case. Only in the *Plaintiff's* discovery deposition was Defendant made aware that the Plaintiff was a citizen of a different state. *Id.* at 84-85. This came about only through the *Plaintiff's* affirmative statements in the discovery deposition of Plaintiff. *Id.* Similarly, in the Eastern District of Michigan, the Court looked to whether the *Plaintiff's* disclosures in his discovery deposition regarding the basis for his claim had revealed that the case was removable. *Haber v. Chrysler Corp.*, 958 F. Supp. 321 (E.D. Mich. 1997)(finding plaintiff's responses in a deposition triggered the timeframe for removal). In the Northern District of Indiana case cited by Plaintiff, again, the Court found that the case **had** been timely removed because plaintiff's discovery responses marked defendant's first opportunity to ascertain that the case could be removed. *Oehlman v. Wal-Mart Stores East, LP*, Case No. 2:06-CV-055, 2006 U.S. Dist. LEXIS 21233, at *9.

Here, to the contrary, it was not until Plaintiffs' Amended Complaint was filed that Defendant "ascertained" that this case was removable. In stark contrast to the discovery disclosures assessed in the cases cited by Plaintiffs, here, *Plaintiff's* discovery disclosures have never revealed to Defendant that the case had become removable. (*See* Pl.'s Answers to Def.'s First Set of Interrogs. attached hereto as **Exhibit 6**.) For example, in discovery, Defendant asked Plaintiff to identify any document supporting Business Pro's allegation that Express Products violated the TCPA by transmitting unsolicited facsimiles. (*Id.* at 2.) Plaintiff responded by simply referring to "Exhibit A," which was one of the faxes appended to the Original Complaint. (*Id.*) Similarly, Defendant asked Plaintiff to "state the number of unsolicited facsimile advertisements that Business Pro Communications, Inc. claims to have received from Express Products." (*Id.*) Plaintiff responded that "Exhibit A" was the unsolicited facsimile advertisement and that investigation was continuing. (*Id.*) *Plaintiff never supplemented or*

*amended these discovery responses.*  Plaintiffs have cited no case law that allows this Honorable Court to disregard the Plaintiff's actual discovery disclosures.

Plaintiffs assert that disclosures made by Defendant or a third party triggered the time for removal.  However, this argument is not only contrary to the case law cited by Plaintiffs, themselves, but these disclosures or "discovery" in no way put Defendant on notice of an amplification of the amount in controver*sy.*  As explained above, the cases cited by Plaintiffs show that the "other paper" disclosures that started the clock for removal were discovery disclosures by *Plaintiffs.*  Furthermore, the "discovery" from this case did not make "certain" "precise" or "exact" that the case was removable.  *See Bosky*, 288 F.3d at 211.  Plaintiffs point to Defendant's supplementing its discovery answers, Defendant's representative's deposition, or a third-party's deposition as triggering the time for removal.  (Pls. Mot. for Remand at 3-4, 9.)  However, when actually read, these "disclosures" do not put Defendant on notice that Business Pro's claim for damages had increased to over $75,000.  Instead, it is clear that no disclosure of evidence about the amount in controversy was raised.  For example, Dan Geiger, Defendant's owner, simply testified regarding his company's business practices not injuries his company inflicted upon Plaintiff.  (*See* Exh. C to Pls. Mot. for Remand at 101.)[2]  The third-party's representative's deposition similarly regards business practice and does not notify Defendant of a change in Plaintiff's allegations.  Finally, Plaintiff's letter to Defendant's counsel is not a discovery disclosure or other paper.  It is only a cover letter indicating Plaintiff's forwarding documents received pursuant to a subpoena.  (*See* Exh. B to Pls. Mot. for Remand.)  This letter simply states that the documents are enclosed and requests Defendant's payment of copying costs.

---

[2]  In fact, the three faxes that were at issue were the only "facsimile" exhibits attached to the deposition transcript or addressed in questioning regarding "unsolicited fax advertisements."

These are not examples of "unequivocally clear and certain" papers by the Court or by Plaintiff that notified Defendant that the case had become removable. Nowhere do Plaintiffs point to any notice given by **Plaintiff** regarding an increase in the amount in controversy.

## IV.    THE AMENDED COMPLAINT COMMENCED A NEW CAUSE OF ACTION SUCH THAT DEFENDANT'S REMOVAL WAS TIMELY AND PROPER.

Defendant's Notice of Removal was based not only on the conventional tenets of diversity jurisdiction but also the provisions of CAFA. Here, the Amended Complaint commenced a new cause of action whereby this case first became removable. In the Motion for Remand, Plaintiffs summarily dismiss Defendant's arguments, which show a new cause of action at issue, by simply stating that the "Amended Complaint is essentially the same." (Pl.'s Mot. for Remand at 11.) However, yet again, the Plaintiffs' argument is based not on the allegations of the contrasting Complaints but on the uncited, amorphous claim that the Defendant "has always known" what Plaintiff meant to say in the Original Complaint. (*See id.* at 11-12.) Plaintiffs' equivocal statements about what has always been known are not established by any pleading or paper cited by Plaintiffs. Instead, as Defendant explained in its Notice of Removal, the Amended Complaint commenced a new action, removable pursuant to 28 U.S.C. Section 1332. This Amended Complaint was removable under Section 1332(a) and also 1332(d). Plaintiffs' argument that this matter was not removable under conventional tenets of diversity jurisdiction or CAFA is incorrect[3].

This case first became removable upon the Plaintiffs' serving the Amended Complaint under the provisions of 28 U.S.C. Section 1332(a) and (d). Initially, as stated in Defendant's Notice of Removal, Defendant properly removed this action under Section 1332(a) because only in the Amended Complaint did one Plaintiff, with complete diversity in citizenship to the

---

[3] Plaintiffs do not contest and, thereby concede, that Defendant has alleged properly that the minimal diversity requirements and amount in controversy requirements of Section 1332(d) are met. (*See* Exh. 2 at 6-8.)

Defendant, have a cause of action where the amount in controversy exceeded $75,000. (Exh. 2 at 3-6.) Section 1332(a) was augmented by CAFA, and thereby, Section 1332 was expanded by 28 U.S.C. § 1453, which erased the one-year limit for removal of class actions pursuant to Section 1332. *See* 28 U.S.C. § 1453(b)(2005)(a "class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply)…") Plaintiffs provide no rebuttal to this claim, and therefore, removal under Section 1332(a) was appropriate.

Furthermore, Defendant properly removed the case under CAFA because the Amended Complaint commenced a new action as shown by: a significant lapse of time separating the original and amended set of facts; two sets of facts leading to different injuries; and/or, two sets of facts different in character. *Porter v. Decatur Mem'l Hosp.*, Case No. 104441, 2008 Ill. LEXIS 10, *23 (Jan. 25, 2008 Ill.)

CAFA did not exist at the time of the filing of the Original Complaint, as this augmenting of Section 1332 only occurred in 2005; therefore, Defendant's first opportunity to remove the case under CAFA occurred with the filing of the Amended Complaint, which commenced a new action. (*See* Exh. 2 at 8-13.) Under the *Porter* test, an amendment is considered "distinct from the original pleading and does not relate back where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two sets of facts are different in character…, or (3) the two sets of facts lead to arguably different injuries." *Porter*, 2008 Ill. LEXIS at *23 (Jan. 25, 2008 Ill.). A new contention arises when the allegations regarding events are not close in time or subject matter or do not lead to the same injury. *Id.* at *25. The Court should consider whether "the original pleading furnish[ed] the defendant with notice of the events that underlie the new contention." *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006).

Here, the Amended Complaint is distinct from the original pleading because there is a significant lapse of time separating the original and amended set of facts. *See Porter*, 2008 Ill. LEXIS at *23. Business Pro now claims to have received faxes **two years earlier** than the original facts at issue. Business Pro now claims to have received eighty transmissions via fax instead of three transmissions. These are wholly new allegations because of the lack of "temporal proximity." *See Porter*, 2008 Ill. LEXIS 10 at *23. Plaintiffs attempt to expand the span of time ten-fold by averring that instead of merely three faxes, from July-August 2004, seventy-seven other faxes were transmitted from February 27, 2002 through October 5, 2004. (Am. Compl., ¶ 11.) Via the Amended Complaint, the temporal analysis at issue has expanded from two months to 32 months. Under *Porter*, Plaintiffs have commenced a new cause of action.

Furthermore, a new action has been commenced because the set of facts in the Original Complaint and the set of facts in the Amended Complaint lead to different and distinct injuries at issue. *Porter*, 2008 Ill. LEXIS 10 at *23. An increase in the number of faxes at issue under the TCPA, as pled in the Amended Complaint, does not cleanly translate into what liability is at issue because under the analysis required by the TCPA, Plaintiffs' pleading 77 additional faxes and 30 additional faxes for the new Plaintiff complicates the liability and damages analysis for this case. In other words, separate injuries have now been pled because for each subject fax, the Court will need to analyze: whether a facsimile transmission originated with the Defendant and was sent to the Plaintiff's facsimile machine; and, whether such transmission was "unsolicited," i.e., whether the Defendant had prior invitation or permission for this sending. This analysis will also require determination of whether Express Products had permission for faxing and, if so, whether that relationship had been revoked prior to any alleged transmissions. All of this analysis will be required for each and every fax to determine whether an injury has occurred.

Case No. 08-1323                                                                3004105

This assessment will be needed for each putative class member. In the end, the damages sought, now, could be 25-times the amount available under the Original Complaint, such that the potential exposure of the Defendant to one Plaintiff has increased from $4,500 to $112,500. The facts of the Original Complaint and the facts of the Amended Complaint do not lead to one, global injury; instead, each claimed fax transmission will lead to its own separate analysis of injury under the TCPA[4]. Therefore, under *Porter*, a new cause has been commenced.

In addition, the factual averments of the Amended Complaint require an individualized analysis of the facts, such that the "general character of the sets of factual allegations" has changed. *Porter*, 2008 Ill. LEXIS 10 at *23. The Court will need to analyze the specific facts preceding and surrounding each alleged transmission. Each set of facts could be different in character because a factual determination will need to be made as to whether a facsimile transmission occurred and whether the Defendant had prior invitation or permission or an established business relationship with the Plaintiff. That "two sets of facts different in character" are at issue is further exemplified by the Amended Complaint adding separate and new injuries for the new Plaintiff, Tunica, a resident of Mississippi. Tunica was not contemplated by the averments in the Original Complaint, which pled that "Defendant has transacted business in *Illinois*" and that the "business activities" at issue involved "*Illinois* residents and *Illinois* fax machines." (Compl., ¶ 6)(emphasis added.) Perhaps, more importantly, the faxes at issue for Tunica's claims were not part of the facsimiles at issue in the Original Complaint. Under *Porter*, the general character of the factual allegations has changed; a new action has been commenced. In other words, Express Products is faced with new claims for relief about which defendant was not furnished notice via the Original Complaint. *Knudsen*, 435 F.3d at 757.

---

[4] Also, now, for the first time, Plaintiffs seek injunctive relief in the prayers for relief of Counts I and III. Plaintiffs also specifically allege an ICFA claim, not pled in the Original Complaint.

Case No. 08-1323                                                                    3004105

For their part, Plaintiffs counter Defendant's arguments under *Porter* with un-cited, conclusory statements of "[t]his is false." (*See* Pl.'s Mot. for Remand at 13.) Plaintiffs also simply state that a new class representative does not commence a new action but completely ignore what Defendant's argument really is: that this new Plaintiff brings new claims because the faxes at issue for Tunica Pharmacy are new faxes not at issue in the Original Complaint. (*See id.* at 11.) Defendant has shown that this is not a case where the Plaintiff for the class has simply changed or that the same causes of action are simply represented by a new name. Defendant has demonstrated that there are new causes of action in the Amended Complaint.

WHEREFORE, Defendant, Express Products, Inc., respectfully requests that this Honorable Court deny the Plaintiffs' Motion for Remand.

Respectfully submitted,


By:      /s/ Molly A. Arranz
         Attorneys for Defendant
         EXPRESS PRODUCTS, INC.

Kevin Campbell, ARDC # 0618398
LaBarge, Campbell & Lyon, LLC
200 W. Jackson Blvd.
Suite 2050
Chicago, IL  60606
Phone:  312-580-9010
Fax:  312-580-9011

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SmithAmundsen
150 N. Michigan Avenue
Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Case No. 08-1323                                                                    3004105

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 1st day of May 2008, she served the Defendant, Express Products, Inc.'s **Response Memorandum in Opposition to Plaintiffs' Motion for Remand** on:

Brian J. Wanca                               Phillip A. Bock
Ryan M. Kelly                                Bock & Hatch LLC
Anderson & Wanca                             134 N. LaSalle Street, Suite 1000
3701 Algonquin Road, Suite 760               Suite 1000
Rolling Meadows, IL 60008                    Chicago, IL  60602

Kevin Campbell
LaBarge, Campbell & Lyon, LLC
200 W. Jackson Blvd.
Suite 2050
Chicago, IL  60606

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on:  May 1, 2008.

_____ Molly A. Arranz _____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR EXPRESS PRODUCTS, INC.