UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUSINESS PRO COMMUNICATIONS, INC. an Illinois Corporation and TUNICA PHARMACY, INC., individually and as the representatives of a class of similarly-situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> EXPRESS PRODUCTS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 08 C 1323 <br><br> Judge Amy J. St. Eve |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

Plaintiffs, Business Pro Communications, Inc. ("Business Pro") and Tunica Pharmacy, Inc. ("Tunica") (collectively "Plaintiffs"), submit the following reply in support of their motion to remand this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

**INTRODUCTION**

Defendant incorrectly argues that this case first became removable only after Plaintiffs filed their Amended Complaint. Defendant's Opposition to Plaintiff's Motion to Remand ("Opp.") p. 1. Defendant is wrong because Plaintiffs' original complaint alleged removable federal claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (Exhibit 1). In addition, diversity jurisdiction has been present since the original complaint was filed.

Defendant's failure to remove this case within thirty days of receipt of the original complaint is fatal to Defendant's argument. The removal statute states:

> *If the case stated by the initial pleading is <u>not removable</u>*, a notice of removal may be filed within thirty days of receipt by the defendant, through service or

> otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable. [28 U.S.C. § 1446(b) (emphasis added).]

Defendant could have removed this case when it was originally filed. Therefore, Defendant's removal was untimely and the Court should grant Plaintiffs' motion for remand.

## ARGUMENT

### A. This Case Has Always Been Removable Because of Federal Question Jurisdiction.

Defendant was served with the original complaint on January 20, 2005. In that initial complaint, Plaintiff alleged that Defendant violated the TCPA. Defendant had thirty days from the date of service—until Monday February 21, 2005—to file a notice of removal. Instead Defendant waited three years, one month and 14 days to file its notice of removal.

Defendant argues that *Brill* somehow changed the law and made TCPA actions that were previously not removable suddenly removable. Defendant is wrong.

Nothing in the *Brill* decision suggests that it was changing the law or creating any new law. *Brill* did not hold that the case it was reviewing was not removable but became removable by virtue of some change in the law created by the *Brill* court. *Brill* was the first time the issue of the scope of federal question jurisdiction for TCPA claims came before the Seventh Circuit. *See* 427 F.3d at 450. *Brill* held that the other six circuits to have considered the question were wrong and that TCPA claims were subject to federal question jurisdiction. *Id.* *Brill* does not purport to be a change in the law, but purports to be the first correct application of what the law has always been. 427 F.3d at 450-52.

When the *Brill* defendant removed that action, it faced exactly the same state of the law as Defendant in this action faced when served with the complaint in this case in January 2005. Like the *Brill* defendant, Defendant in the present action removed both on

grounds of diversity and federal question jurisdiction.  *Compare* Notice of Removal, p. 1 *with* 427 F.3d at 447.

Defendant argues that it could not have removed this action in 2005 because at that time several District Court and Circuit Court decisions outside of the Seventh Circuit had held that the TCPA did not create federal question jurisdiction.  Opp., p. 4.  Defendant does not attempt to explain, however, why it could not remove this case when the *Brill* defendant, facing the same adverse precedent, removed that case and prevailed.  Congress created the TCPA and the federal jurisdiction that goes along with it.  The Seventh Circuit interpreted the statute, but did not create any jurisdiction or change the law.

Defendant would have this Court graft a rule on to section 1446(b) that would allow removal after the thirty-day limit when a defendant relies on adverse but erroneous precedent.  Such a rule is totally unprecedented, obviously unworkable, and well beyond the text of section 1446(b).  Defendant's removal is untimely because this action is no more removable now than it was when first filed.

In G.*M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826, 829 (N.D. Ill. 2006) (Exhibit 2), Judge Gettleman explained why Defendant's argument is wrong:

> Jurisdiction over TCPA claims in federal court was not expressly prohibited by either the TCPA or Title 28 of the United States Code.  Some of the language in the TCPA, and in the act's legislative history, had led courts in this and other jurisdictions to question Congress's intent regarding federal jurisdiction.  However, that does not lead to an inevitable conclusion that seeking removal in the instant case would have been improper before the Seventh Circuit had ruled on the matter [in *Brill*].  *Id*.

Similarly, in *C.E. Design, Ltd. v. Kallman Worldwide, Inc.*, No. 06 C 2946, 2006 WL 3518365 at *2 (N.D. Ill. Dec. 5, 2006) (Exhibit 3), Judge Guzman held, "[Defendant] knew, or should have

3

known, when it was served with the amended complaint on September 6, 2005 that this [TCPA] suit was removable on federal question grounds."

Defendant argues those opinions are not persuasive because, according to Defendant, they failed to understand that *Brill* should not "to be applied retroactively." Opp., p. 7. Defendant cites *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 976, 978 (N.D. Ill. 2000), in support of a presumption against retroactivity. But *Thomas & Betts* was concerned with retroactive application of legislation. Therefore, *Thomas & Betts* is irrelevant. *Brill* was not an Act of Congress and the presumption discussed in *Thomas & Betts* does not apply.

Defendant could have removed this action on federal question grounds within thirty days after receiving the original complaint. Defendant's failure to do is fatal to federal jurisdiction now and requires remand.

### B.    This Case Has Always Been Removable Because of Diversity Jurisdiction.

At the time the original complaint was filed, Defendant could have successfully removed it on the basis of diversity jurisdiction. Although CAFA did not yet exist, the original complaint showed the amount in controversy exceed the $75,000 required for diversity jurisdiction.

Defendant argues that because the original complaint stated, "Defendant transmitted by telephone facsimile machine three unsolicited advertisements to Plaintiff's facsimile machine," the amount in controversy did not exceed $4,500 (based on a maximum of $1,500 per violation). Opp. pp. 8-10. Defendant ignores other passages in Plaintiff's original complaint, however, that put Defendant on notice that more than three junk faxes were at issue. The original complaint also stated: "On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements throughout the United States." Comp. ¶ 13.

Moreover, Defendant—unlike Plaintiff—has always known exactly how many junk faxes

Defendant sent. Plaintiff later learned through discovery what Defendant has always known. Defendant broadcast more than 80,000 junk faxes. Plaintiff's Motion To Remand at ¶¶ 5-9 ("Remand").

In addition, Defendant sent 117of these junk faxes to Plaintiff during the class period. Implausibly, Defendant now argues that, although it sent 117 junk faxes to Plaintiff, Defendant believed this case was limited to those three junk faxes identified in the original complaint. On that basis, Defendant argues it could not have removed Plaintiff's action on the basis of the other 114 junk faxes Defendant knew it had sent to Plaintiff. Defendant is wrong again. All Defendant had to do was submit evidence that it had sent 114 additional junk faxes to Plaintiff in support of a timely notice of removal and Defendant could have established diversity jurisdiction based on the original complaint. As a result, Defendant's belated notice of removal is untimely the Court should remand this case back to state court.

> C.  **Discovery Indicated That This Case Was Removable Long Before Plaintiffs' Amended Complaint was Filed.**

Even assuming, *arguendo*, that there was no federal question jurisdiction or diversity jurisdiction at the time Plaintiff filed its original complaint, Plaintiff produced to Defendant 117 junk faxes during discovery on March 19, 2007. Remand at ¶ 10. As a result, Defendant was on notice on March 19, 2007 that there was more than $75,000 in controversy.

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by defendant … or other paper from which it may first be ascertained that the case is one which is or has become removable …" 28 U.S.C. § 1446(b). "[A]t the very least, answers to interrogatories, responses to request for admissions or deemed admissions by reasons of a party's failure to serve a timely denial to a request for admissions are within the meaning of 'other paper.'" *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002

5

WL 1759800 at *3 (N.D. Ill. July 29, 2002) (J. Guzman) (Exhibit 4).  Courts construe the "other paper" requirement to include "papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of State Court process." *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 WL 1126911 at * 2 (N.D. Ill. May 5, 2002) (J. Manning) (Exhibit 5) (*quoting*) *Gilardi v. Actchison, Topeka and Santa Fe Railway Co.*, 189 F. Supp. 82, 85 (N.D. Ill. 1960).  "Other paper" includes interrogatory answers, discovery depositions, or any other official papers that are filed with the court or given under oath in connection with the action. *Id.*

Requests for the production of documents are papers served to the opposing party "under oath" and "in connection with this action."  As a result, as late as March 19, 2007 Defendant was put on notice that this action concerned more than 3 junk faxes.  117 junk faxes times $1,500 per junk fax equals $175,500 in potential recovery. $175,500 is much greater than the $75,000 maximum to trigger diversity jurisdiction.  As a result, Defendant had thirty days—or until Wednesday April 18, 2007—to file its notice of removal.  Instead, Defendant waited until March 5, 2008, which was 322 days late.  Even if this Court found there was no federal question jurisdiction or diversity jurisdiction at the time Plaintiff filed its original complaint, Defendant was aware there was diversity jurisdiction as of March 19, 2007, and the Court should find Defendant's removal untimely and defective.

## **CONCLUSION**

This Court should remand this action to state court because Defendant's Notice of Removal is untimely and improper.  The Court should award costs and attorney's fees to Plaintiffs because Defendant lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704 (2005).  *See also*, *C.E. Design, Ltd. v. Kallman Worldwide, Inc.*, No. 06 C 2946, 2006 WL 3518365 at *2 (N.D. Ill. Dec. 5, 2006) (J. Guzman)

(<u>Exhibit 3</u>) (request for attorney's fees by Plaintiff's counsel granted because Defendant's notice of removal was improper because (1) it was clear from the complaint that the plaintiff was asserting a TCPA claim and (2) months before the defendant filed its notice of removal the Seventh Circuit held that TCPA claims were removable on federal question grounds).

        Respectfully submitted,

        BUSINESS PRO COMUNICATIONS, INC., and TUNICA PHARMACY, INC., individually and as the representative of a class of similarly-situated Persons

    By:    <u>/s Phillip A. Bock</u>
            One of their attorneys

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | Jordan M. Rudnick |
| ANDERSON + WANCA | James M. Smith |
| 3701 Algonquin Road, Suite 760 | BOCK & HATCH, LLC |
| Rolling Meadows, IL 60008 | 134 N. La Salle Street, Suite 1000 |
| Telephone: 847-368-1500 | Chicago, IL 60602 |
| | Telephone: 312-658-5500 |

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that, on May 15, 2008, he caused a copy of the foregoing Plaintiffs' Reply In Support Of Plaintiffs' Motion For Remand to be served by CM/ECF upon all counsel of record.

                  /s Phillip A. Bock