427 F.3d 446                                                                                                                   Page 1
427 F.3d 446, 37 Communications Reg. (P&F) 1333
**(Cite as: 427 F.3d 446)**

▷
Brill v. Countrywide Home Loans, Inc.
C.A.7 (Ill.),2005.

United States Court of Appeals,Seventh Circuit.
James BRILL, Plaintiff-Respondent,
v.
COUNTRYWIDE HOME LOANS, INC., Defendant-Petitioner.
**No. 05-8024.**

Submitted Oct. 7, 2005.
Decided Oct. 20, 2005.

**Background:** Recipient of faxed advertisement brought state-court class action against sender under Telephone Consumer Protection Act. Sender removed action pursuant to Class Action Fairness Act. The United States District Court for the Northern District of Illinois, 2005 WL 2230193,John W. Darrah, J., granted recipient's motion to remand, and sender appealed.

**Holdings:** The Court of Appeals, Easterbrook, Circuit Judge, held that:
(1) jurisdictionally, sender only had to show reasonable probability that amount satisfying Class Action Fairness Act's jurisdictional minimum was being claimed, and
(2) Telephone Consumer Protection Act did not confer exclusive jurisdiction upon state courts, and thus did not foreclose removal.

Reversed.

West Headnotes

**[1] Federal Courts 170B ☞34**

170B Federal Courts
　170BI Jurisdiction and Powers in General
　　170BI(A) In General
　　　170Bk29 Objections to Jurisdiction, Determination and Waiver
　　　　170Bk34 k. Presumptions and Burden of Proof. Most Cited Cases
Whichever side chooses federal court must establish jurisdiction.

**[2] Removal of Cases 334 ☞107(7)**

334 Removal of Cases
　334VII Remand or Dismissal of Case
　　334k107 Proceedings for Remand and Review Thereof
　　　334k107(7) k. Evidence. Most Cited Cases
Plaintiff who seeks remand of action removed under Class Action Fairness Act does not have burden of proving that federal jurisdiction is lacking; on motion for remand, removing defendant has burden to show federal jurisdiction. 28 U.S.C.A. § 1453(c)(1); Class Action Fairness Act of 2005, § 1 et seq., 28 U.S.C.A. § 1 note.

**[3] Removal of Cases 334 ☞2**

334 Removal of Cases
　334I Power to Remove and Right of Removal in General
　　334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

**Removal of Cases 334 ☞75**

334 Removal of Cases
　334V Amount or Value in Controversy
　　334k75 k. Allegations and Prayers in Pleadings. Most Cited Cases

**Removal of Cases 334 ☞107(7)**

334 Removal of Cases
　334VII Remand or Dismissal of Case
　　334k107 Proceedings for Remand and Review Thereof
　　　334k107(7) k. Evidence. Most Cited Cases
Defendant removing state-court action pursuant to Class Action Fairness Act, in order to establish fed-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

eral-court jurisdiction in response to remand motion, did not have to show that Act's amount-in-controversy minimum would be surpassed by award to plaintiff if plaintiff prevailed; instead, defendant only had to show reasonable probability that amount satisfying Act's minimum was being claimed, and in order to refute that plaintiff had to show legal certainty that any judgment would be for amount below minimum. 28 U.S.C.A. § 1453; Class Action Fairness Act of 2005, § 1 et seq., 28 U.S.C.A. § 1 note.

**[4] Removal of Cases 334** ⚜2

334 Removal of Cases
    334I Power to Remove and Right of Removal in General
        334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

**Removal of Cases 334** ⚜74

334 Removal of Cases
    334V Amount or Value in Controversy
        334k74 k. Amount or Value Claimed or Involved. Most Cited Cases

Amount in controversy minimum for removal under Class Action Fairness Act was satisfied in state-court Telephone Consumer Protection Act class action brought by recipient of faxed advertisement against sender; sender admitted sending minimum number of faxes which yielded amount exceeding threshold for removal under Fairness Act when multiplied by maximum possible statutory award for each, and complaint did not set ceiling on recovery sought. 28 U.S.C.A. § 1453; Communications Act of 1934, § 227, 47 U.S.C.A. § 227; Class Action Fairness Act of 2005, § 1 et seq., 28 U.S.C.A. § 1 note.

**[5] Courts 106** ⚜489(9)

106 Courts
    106VII Concurrent and Conflicting Jurisdiction
        106VII(B) State Courts and United States Courts
            106k489 Exclusive or Concurrent Jurisdiction
            106k489(9) k. Suits Brought Under Interstate Commerce Act. Most Cited Cases

**Removal of Cases 334** ⚜2

334 Removal of Cases
    334I Power to Remove and Right of Removal in General
        334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

Telephone Consumer Protection Act provision creating private right of action in state courts for violations of Act did not confer exclusive jurisdiction upon state courts to hear such suits, and thus did not foreclose their removal pursuant to Class Action Fairness Act. 28 U.S.C.A. § 1453; Communications Act of 1934, § 227(b)(3), 47 U.S.C.A. § 227(b)(3); Class Action Fairness Act of 2005, § 1 et seq., 28 U.S.C.A. § 1 note.

**\*447** Howard L. Teplinsky, Ottenheimer, Teplinsky, Rosenbloom, Buffalo Grove, IL, for Defendant-Petitioner.

Daniel A. Edelman, Edelman, Combs & Latturner, Chicago, IL, for Plaintiff-Respondent.

Before POSNER, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Countrywide Home Loans violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending fax advertisements. James Brill, one of the recipients, filed suit in state court, seeking to represent a class of recipients. Countrywide filed a notice of removal under the Class Action Fairness Act of 2005, Pub.L. 109-2, 119 Stat. 4 (2005). Brill's suit was commenced after February 18, 2005, the Act's effective date. The class comprises more than 100 members, minimal diversity of citizenship is present, and Countrywide alleged in the notice of removal that the amount in controversy exceeds $5 million, the statutory threshold. Countrywide concedes that it sent at least 3,800 advertising faxes,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and § 227(b)(3) provides that the court may award $500 per fax, a sum that may be trebled if "the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection". The award thus could reach $5.7 million. If Brill can show that Countrywide sent more than the 3,800 junk faxes, it could be higher still. Yet the district judge remanded the case, ruling not only that Countrywide had not carried its burden of showing that the stakes exceed $5 million (Brill might be unable to prove wilfulness) but also that suits under the Telephone Consumer Protection Act *never* may be removed, because state jurisdiction is exclusive. 2005 WL 2230193, 2005 U.S. Dist. LEXIS 19664 (N.D.Ill. Sept. 8, 2005). Countrywide has filed a petition for interlocutory review under 28 U.S.C. § 1453(c)(1) (as amended by the Class Action Fairness Act). We grant this petition, accept the appeal, and summarily reverse.

[1] The district court began by allocating to Countrywide, as the proponent of federal jurisdiction, the burden of persuasion on the amount in controversy. That the proponent of jurisdiction bears the risk of non-persuasion is well established. See, e.g., *In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599, 607 (7th Cir.1997); *Smith v. American General Life & Accident Insurance Co.,* 337 F.3d 888, 892 (7th Cir.2003). Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). And the rule makes practical sense. If the burden rested with the proponent of remand, then Countrywide could have removed without making any effort to calculate its maximum exposure, and without conceding that it had faxed thousands of ads. That would have thrown on Brill the burden of showing that Countrywide could not possibly have sent more than 3,333 junk faxes (for if the award can reach $1,500 per fax then it is No. 3,334 that puts the stakes over $5 million). Brill would have no way to show this early in the litigation, and plaintiffs in other kinds of suits would encounter similar difficulty. When the defendant has vital knowledge that the plaintiff may lack, a burden that ***448** induces the removing party to come forward with the information-so that the choice between state and federal court may be made accurately-is much to be desired.

[2] Countrywide maintains that the Class Action Fairness Act reassigns that burden to the proponent of remand. It does not rely on any of the Act's language, for none is even arguably relevant. Instead it points to this language in the report of the Senate Judiciary Committee: "If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional provisions are not satisfied)." S. Rep. 14, 109th Cong. 1st Sess. 42 (2005). This passage does not concern any text in the bill that eventually became law. When a law sensibly could be read in multiple ways, legislative history may help a court understand which of these received the political branches' imprimatur. But when the legislative history stands by itself, as a naked expression of "intent" unconnected to any enacted text, it has no more force than an opinion poll of legislators-less, really, as it speaks for fewer. Thirteen Senators signed this report and five voted not to send the proposal to the floor. Another 82 Senators did not express themselves on the question; likewise 435 Members of the House and one President kept their silence.

We recognize that a dozen or so district judges have treated this passage as equivalent to a statute and reassigned the risk of non-persuasion accordingly. See, e.g., *Berry v. American Express Publishing Corp.,* 381 F.Supp.2d 1118 (C.D.Cal.2005); *Natale v. Pfizer, Inc.,* 379 F.Supp.2d 161 (D.Mass.), affirmed on other grounds, 424 F.3d 43 (C.A.1 (Mass)2005). But naked legislative history has no legal effect, as the Supreme Court held in *Pierce v. Underwood,* 487 U.S. 552, 566-68, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A Committee of Congress

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

attempted to alter an established legal rule by a forceful declaration in a report; the Justices concluded, however, that because the declaration did not correspond to any new statutory language that would change the rule, it was ineffectual. Just so here. The rule that the proponent of federal jurisdiction bears the risk of non-persuasion has been around for a long time. To change such a rule, Congress must enact a statute with the President's signature (or by a two-thirds majority to override a veto). A declaration by 13 Senators will not serve. Cf. *Cherokee Nation of Oklahoma v. Leavitt,* 543 U.S. 631, 125 S.Ct. 1172, 1181-82, 161 L.Ed.2d 66 (2005); *Exxon Mobil Corp. v. Allapattah Services, Inc.,* --- U.S. ----, 125 S.Ct. 2611, 2625-27, 162 L.Ed.2d 502 (2005).

[3] There remains the question what Countrywide must do to discharge its burden. The district judge thought that a removing litigant must produce "evidence ... that a favorable judgment will award Plaintiff" more than the jurisdictional minimum. The judge restated this as a need for "competent proof to establish" that the statutory threshold has been exceeded. Yet suits are removed on the pleadings, long before "evidence" or "proof" have been adduced. The question is not what damages the plaintiff will recover, but what amount is "in controversy" between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal. Once the proponent of jurisdiction has set out the amount in controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction. See **\*449***St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955 (7th Cir.1998). This standard applies to removed cases no less than to those filed initially in federal court. See *Normand v. Orkin Exterminating Co.,* 193 F.3d 908 (7th Cir.1999); cf. *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203 (7th Cir.1997).

Application of the *St. Paul Mercury* "legal certainty" standard usually is straightforward when the plaintiff wants to be in federal court. Then the complaint will contain allegations that, if established at trial, would justify a judgment exceeding the jurisdictional minimum. When the plaintiff prefers to be in state court, however, the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy. A defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court. The complication is that a removing defendant can't make the plaintiff's claim for him; as master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold. Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands. That's the point of statements in our decisions that the removing litigant must show a reasonable probability that the stakes exceed the minimum. See, e.g., *Smith v. American General Life & Accident Insurance Co.,* 337 F.3d 888, 892 (7th Cir.2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.

[4] Countrywide did all that is necessary by admitting that one of its employees sent at least 3,800 fax ads. From this and the statutory text one can determine that the controversy exceeds $5 million. The complaint did not set a cap on recovery-as it might have done if the plaintiff had represented that the class would neither seek nor accept more than $5 million in aggregate. Nor did the complaint abjure trebled damages; it held open that possibility, depending on the state of the proof. (The complaint reads: "If the evidence shows that the violation was willful, plaintiff requests trebling of the damages.") Countrywide did not have to confess liability in order to show that the controversy exceeds the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

threshold. A judge may well award less than $1,500 per fax, but a recovery exceeding $5 million for the class as a whole is not "legally impossible."

[5] That the controversy exceeds $5 million is insufficient, however, if state courts have exclusive jurisdiction to resolve suits under the Telephone Consumer Protection Act. The district judge relied on § 227(b)(3), which provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection **\*450** or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

This is the only portion of § 227 that expressly creates a private right of action, and from its failure to authorize litigation in federal court the district judge inferred that state jurisdiction must be exclusive. Six courts of appeals have come to similar conclusions-though they deal only with the question whether suit to enforce the Telephone Consumer Protection Act may be filed or removed under the federal-question jurisdiction, see 28 U.S.C. § 1331, and not whether such a suit may be removed under the diversity jurisdiction. See *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.,* 156 F.3d 432 (2d Cir.1998); *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513 (3d Cir.1998); *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir.1997); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir.1997); *Murphey v. Lanier,* 204 F.3d 911 (9th Cir.2000); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir.1998). But if state jurisdiction really is "exclusive," then it knocks out § 1332 as well as § 1331.

These decisions can not be reconciled with either *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* --- U.S. ----, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), or *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003), both of which came after all of the six decisions to which we have referred. *Grable* resolved a conflict in the Supreme Court's own decisions by holding that federal jurisdiction does not depend on the existence of a private right of action under federal law. And *Breuer* held that statutory permission to litigate a federal claim in state court does not foreclose removal under the federal-question jurisdiction.

The Fair Labor Standards Act provides that a plaintiff may "maintain" an action in either state or federal court, and Breuer insisted that a right to "maintain" an action in state court forecloses its removal. The Justices concluded, however, that a plaintiff's right to litigate in state court does not block a defendant from electing a federal forum, because 28 U.S.C. § 1441(a), the general removal provision, allows the defendant to remove any claim under federal law (or supported by diversity of citizenship) "[e]xcept as otherwise expressly provided by Act of Congress". The word "maintain" in the FLSA is not an "express" prohibition on removal, *Breuer* held.

One may say exactly the same about the right to sue in state court under § 227(b)(3). It does not mention removal or the general federal-question jurisdiction. It does not declare state jurisdiction to be exclusive. Thus it does not expressly override a defendant's removal rights under both § 1441 (because a claim

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that a business violated the Telephone Consumer Protection Act arises under federal law) and the Class Action Fairness Act. Section 1445 has a list of non-removable actions that satisfy the "express prohibition" required by § 1441(a), and the Telephone Consumer Protection Act is not on that list. *Breuer* collects other express bars but does not include the Telephone Consumer Protection Act among them. 538 U.S. at 696-97, 123 S.Ct. 1882. The Class Action Fairness Act has its own list of claims to which its removal provisions are inapplicable, see 28 U.S.C. § 1453(d) (added by § 5(a) of the new Act), and the ***451** Telephone Consumer Protection Act is not on that list either.

Other circuits, writing before *Breuer,* wondered what function § 227(b)(3) serves if it does not make state jurisdiction exclusive. Had Congress never penned those words, plaintiffs could have used state forums to the extent they were generally open to civil litigation. See *Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947). That's true enough, but restating an established norm can be beneficial, if only because it avoids any argument that for this law *federal* jurisdiction is exclusive. Such contentions are frequent and may entail decades of litigation across the thirteen circuits. See, e.g., *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) (holding, after 26 years of litigation, that claims under the Civil Rights Act of 1964 may be resolved in state as well as federal courts); *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) (holding, after 20 years of litigation, that claims under RICO may be resolved in state as well as federal courts). Section 227(b)(3) may serve the further function of freeing states from *Testa's* rule that they may not discriminate against federal claims; the clause in § 227(b)(3) that the action is proper "if otherwise permitted by the laws or rules of court of a State" implies that each state may decide for itself whether to entertain claims under the Telephone Consumer Protection Act.

Section 227(b)(3) does not say that state jurisdiction is "exclusive"-but another part of § 227 does use that word. Section 227(f)(1) permits the states themselves to bring actions based on a pattern or practice of violations. Section 227(f)(2) continues: "The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection." How strange it would be to make federal courts the exclusive forum for suits by the states, while making state courts the exclusive forum for suits by private plaintiffs. But then § 227(f)(2) is explicit about exclusivity, while § 227(b)(3) is not; the natural inference is that the state forum mentioned in § 227(b)(3) is optional rather than mandatory. Likewise the proviso that actions may be filed in state court "if otherwise permitted by the laws or rules of court of a State" implies that federal jurisdiction under § 1331 or § 1332 is available; otherwise where would victims go if a state elected not to entertain these suits? Our point is not that the reference to exclusive jurisdiction in § 227(f)(2) shows that "Congress knows how" to limit litigation to one set of courts-references to the subjective knowledge of a body with two chambers and 535 members, and thus without a mind, rarely facilitate interpretation-but that differences in language within a single enactment imply differences in meaning as an objective matter. See Akhil Reed Amar, *Intratextualism,* 112 Harv. L.Rev. 747 (1999). The contrast between § 227(f)(2) and § 227(b)(3) is baffling unless one provides exclusivity and the other doesn't.

This means that removal is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law. Because § 1453(c)(1) permits appellate review of remand orders "notwithstanding section 1447(d)", we are free to consider any potential error in the district court's decision, not just a mistake in application of the Class Action Fairness Act. When a statute authorizes interlocutory appellate review, it is the district court's entire decision that comes before the court for review. ***452***Yamaha Motor Corp. v. Calhoun,*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

516 U.S. 199, 205, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). Thus § 1447(d), which would preclude appellate review of a remand based wholly on a conclusion that state jurisdiction is exclusive, does not apply when we are authorized to hear an appeal on some other ground-and this appeal is proper because the district judge rejected Countrywide's argument that the Class Action Fairness Act allows removal.

The judgment of the district court is reversed, and the case is remanded with instructions to decide the suit on the merits.

C.A.7 (Ill.),2005.
Brill v. Countrywide Home Loans, Inc.
427 F.3d 446, 37 Communications Reg. (P&F) 1333

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.