**Westlaw.**

430 F.Supp.2d 826                                                                                                 Page 1
430 F.Supp.2d 826
**(Cite as: 430 F.Supp.2d 826)**

C

G.M. Sign, Inc. v. Global Shop Solutions, Inc.
N.D.Ill.,2006.

United States District Court,N.D. Illinois,Eastern Division.
G.M. SIGN, INC., Plaintiff,
v.
GLOBAL SHOP SOLUTIONS, INC., Defendant.
**No. 05 C 6591.**

May 9, 2006.

**Background:** Recipient of unsolicited fax brought class action suit against sender under Telephone Consumer Protection Act (TCPA). After 30-day period for removal had lapsed, sender removed action. Recipient moved to remand.

**Holdings:** The District Court, Gettleman, J., held that:
(1) action was originally removable, and thus "order or other paper" exception could not apply to extend removal period, and
(2) circumstances did not warrant removal based on equitable considerations.

Motion granted.

West Headnotes

**[1] Federal Courts 170B 5**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk3 Jurisdiction in General; Nature and Source
                170Bk5 k. Limited Jurisdiction; Dependent on Constitution or Statutes. Most Cited Cases
Federal courts, as courts of limited jurisdiction, have subject matter jurisdiction only over cases designated under the Constitution, subject to limitations imposed by Congress. U.S.C.A. Const. Art. 3, § 2; 28 U.S.C.A. § 1331.

**[2] Removal of Cases 334 79(1)**

334 Removal of Cases
    334VI Proceedings to Procure and Effect of Removal
        334k78 Time for Taking Proceedings
            334k79 In General
                334k79(1) k. In General. Most Cited Cases
Removal of action under Telephone Consumer Protection Act (TCPA) could not be timely after 30-day period for removal had lapsed, under "order or other paper" exception, upon decision of Seventh Circuit Court of Appeals that federal courts had jurisdiction over such cases, as action could have been removed originally due to absence of binding precedent at that time that TCPA excluded federal jurisdiction. 28 U.S.C.A. §§ 1441, 1446(b); Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227.

**[3] Removal of Cases 334 79(1)**

334 Removal of Cases
    334VI Proceedings to Procure and Effect of Removal
        334k78 Time for Taking Proceedings
            334k79 In General
                334k79(1) k. In General. Most Cited Cases
Decision of Seventh Circuit Court of Appeals, rendered after 30-day period for removing action under Telephone Consumer Protection Act (TCPA) had lapsed, which expressly found that suits under TCPA were removable, did not warrant extension of removal period based on equitable considerations. U.S.C.A. § 1441, Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227.

**\*827** Brian J. Wanca, Ryan M. Kelly, Anderson & Wanca, Rolling Meadows, IL, Phillip A. Bock, Philip A. Bock, P.C., Chicago, IL, for Plaintiff.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

James Joseph Sipchen, Cynthia Hannan Alkhouja, Pretzel & Stouffer, Chtd., Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff G.M. Sign, Inc., filed the instant class action complaint against defendant, Global Shop Solutions, in the Circuit Court of Lake County, Illinois. The three count complaint alleges: Count I-violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; Count II-conversion; and Count III-violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Eighty days after receiving notice of the suit, defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming both diversity and federal question jurisdiction under 28 U.S.C. §§ 1332(d), 1331 and the Class Action Fairness Act of 2005. Plaintiff has moved to remand the case because defendant's removal is untimely. For the reasons set forth below, plaintiff's motion is granted.

### BACKGROUND

Plaintiff's claim arises out of a single incident, in which defendant faxed 3,900 unsolicited advertisements to various Illinois residents. The TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" a private action for faxing unsolicited faxes. The statute further provides that victims may recover $500 per violation, and that the court may treble the damages for willful violations. 47 U.S.C. § 227. At the time that plaintiff filed the ***828** instant case, six U.S. Courts of Appeal [FN1] and several district courts [FN2], including this court, had held that § 227 vests exclusive jurisdiction in state courts for private actions under the TCPA.

> FN1. *Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd.,* 156 F.3d 432, 438 (2nd Cir.1998); *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir.2000); *Erienet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 520 (3d. Cir.1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1289 (11th Cir.1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 514 (5th Cir.1997); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.,* 106 F.3d 1146, 1158 (4th Cir.1997).

> FN2. *Repay v. Flag Co., Inc.,* 326 F.Supp.2d 884, 885 (N.D.Ill.2004); *Stonecrafters, Inc. v. CM Sys., Inc.,* No. 03 C 50287, 2003 WL 22415976, *1 (N.D.Ill.); *Constr. Consulting Group, Ltd. v. Gersten Fin. & Ins., Inc.,* No. 02 C 3322, 2002 WL 1400472, *2 (N.D.Ill. N.D.Ill. 2002); *Bernstein v. New Century Mortgage Co.,* No. 02 C 3355 (N.D.Ill. Feb. 12, 2003).

In particular, one week after defendant was served with notice of this suit, a similar case under the TCPA alleging both diversity and federal question jurisdiction was remanded from the Northern District of Illinois to state court, also holding that the TCPA conferred exclusive decision on the state courts. *Brill v. Countrywide Home Loans, Inc.,* 2005 WL 2230193 (N.D.Ill.). Defendant claims that in light of that decision, and the decisions from neighboring circuits, the established law in this district was that federal courts had no jurisdiction over private TCPA claims. Therefore, defendant asserts that removal at that time would have been in bad faith and risked the imposition of sanctions.

As plaintiff's case proceeded in state court, and the time in which the defendant could properly have removed lapsed, the Seventh Circuit reversed *Brill,* holding that both federal question jurisdiction and diversity jurisdiction exist in federal court for private TCPA claims. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir.2005). Defendant argues that the *Brill* appellate decision changed the law in this circuit and, therefore, provided a basis for removal under the "order or

other paper" exception of 28 U.S.C. § 1446(b).

### DISCUSSION

[1] Generally, a defendant may remove a case from state court to a federal district court if the action is one that may have originally been brought by the plaintiff in federal court and if the notice of removal is filed within thirty days "after the date on which the defendant first becomes a party to the action." 28 U.S.C. § 1441. In the instant case, the potential barrier to bringing the suit in federal court is subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, have subject matter jurisdiction only over cases designated under the Constitution, subject to limitations imposed by Congress. U.S. Const. Art. III § 2; 28 U.S.C. §§ 1331-69. In addition to these limitations on jurisdiction, Congress has designated some state law causes of action, such as workmen's compensation claims, "nonremovable." *See e.g.,* 28 U.S.C. § 1445.

[2] The principle question in the instant case, and in similar TCPA claims, is whether Congress has exercised its right to exclude federal jurisdiction over private claims under this act. Defendant argues that prior to the Seventh Circuit's decision in *Brill,* the general consensus was that Congress had excluded federal jurisdiction, and therefore removal would have been in bad faith, against authority, and risked the imposition of sanctions. Therefore, defendant did not remove when it was first served with the lawsuit, but did so on **\*829** November 21, 2005, 32 days after the October 20, 2005 decision in *Brill.*FN3 It argues that removal is timely under the "order or other paper" exception of § 1446, which provides:

> FN3. The 30th and final day of defendant's statutorily granted removal period fell on a Saturday, so by filing on the following Monday defendant's second removal would be timely if based on appropriate grounds. *See* Fed.R.Civ.P. 6.

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b)

If the action was originally removable, defendant's present removal is untimely. Both parties agree in this case that all the requirements for diversity jurisdiction have been met, and existed at the time of the initial pleading. Because the TCPA is a federal statute, ordinarily TCPA claims would "arise under" the laws of the United States.

In the instant case, the "order or other paper" exception does not apply, because defendant could have removed the action originally. Jurisdiction over TCPA claims in federal court was not expressly prohibited by either the TCPA or Title 28 of the United States Code. Some of the language in the TCPA, and in the act's legislative history, had led courts in this and other jurisdictions to question Congress's intent regarding federal jurisdiction. However, that does not lead to an inevitable conclusion that seeking removal in the instant case would have been improper before the Seventh Circuit had ruled on the matter.

When the instant suit was initiated, there was no binding precedent contrary to removal.FN4 Whether federal courts could hear TCPA claims in a diversity suit remained an open question. Defendant bases its argument that the federal courts lacked jurisdiction over TCPA claims on the precise wording of certain decisions of other circuit courts of appeal that held there is "exclusive" jurisdiction for the state courts in private TCPA claims. These cases all considered the question of whether the TCPA claims necessarily "arise under" the laws of the United States as required for jurisdiction under § 1331. The Fourth Circuit, for example, by examining the portion of the TCPA that stated that state courts "may" hear claims under the TCPA,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reasoned that Congress' specific reference to state court, when such reference is unnecessary to a court of general jurisdiction, coupled with the absence of any reference to federal courts, courts of limited jurisdiction, was significant and warranted a limitation on federal jurisdiction. *Int'l Sci.,* 106 F.3d at 1151. The Second Circuit, after reaching the same conclusion in *Foxhall*, determined that a subsequent case alleging diversity jurisdiction could be heard in federal court. *Gottlieb v. Carnival Corp.,* 436 F.3d 335, 340 (2nd Cir.2006). The court noted its earlier decision, stating that the "discussion of 'exclusive jurisdiction' in *Foxhall* must be read in context." *Id.* at 337. Defendant has not distinguished this case from *Brill,* where the defendants timely sought removal and were not sanctioned. Defendants, like the defendants in *Brill,* could **\*830** have attempted to remove, and then challenged the result on appeal.

> FN4. Decisions of district courts are not binding precedent, even on the same court. *See Anderson v. Romero,* 72 F.3d 518 (7th Cir.1995); *FutureSource LLC v. Reuters Limited,* 312 F.3d 281, 283 (7th Cir.2002); *Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119 (7th Cir.1986).

Because this case was removable as stated in the pleadings, this court need not decide whether the Seventh Circuit's decision in *Brill* was an "order or other paper." However, this court would be inclined to follow the majority of cases interpreting the statute, which hold that the "order or other paper" must be generated in the same suit. FN5

> FN5. *See Allen v. Monsanto Co.,* 396 F.Supp.2d 728, 731-32 (S.D.W.Va.2005); *Minnesota v. Pharmacia Corp.,* 2005 WL 2739297 (D.Minn.); *Kwiatkowski v. Templeton Growth Fund, Inc.,* 2005 WL 2085290 (S.D.Ill.2005); *Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994); *Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 236 (E.D.Mich.1992); *Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1296 (D.Minn.1987); *Gruner v. Blakeman,* 517 F.Supp. 357, 361 (D.Conn.1981); *Sclafani v. Ins. Co. of North America,* 671 F.Supp. 364, 365 (D.Md.1987); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1290 (W.D.Ark.1987).

[3] Defendant also argues that this case should be removed based on equitable considerations. This court does not agree that the circumstances in the present case warrant such removal.

## *CONCLUSION*

For the foregoing reasons, plaintiff's motion to remand is granted.

N.D.Ill.,2006.
G.M. Sign, Inc. v. Global Shop Solutions, Inc.
430 F.Supp.2d 826

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.