Slip Copy
Slip Copy, 2006 WL 3518365 (N.D.Ill.)
**(Cite as: 2006 WL 3518365 (N.D.Ill.))**

Page 1

C.E. Design, Ltd. v. Kallman Worldwide, Inc.
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
C.E. DESIGN LTD., individually and on behalf of others similarly situated, Plaintiff,
v.
KALLMAN WORLDWIDE, INC. Defendant.
**No. 06 C 2946.**

Dec. 5, 2006.

Brian J. Wanca, Ryan M. Kelly, Anderson & Wanca, Rolling Meadows, IL, Phillip A. Bock, Diab & Bock, LLC, Chicago, IL, for Plaintiff.
Howard William Foster, Johnson & Bell, Ltd., Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

GUZMÁN, J.

**\*1** CE Design Ltd. has sued Kallman Worldwide, Inc. for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The case is before the Court on plaintiff's motion to remand. For the reasons set forth below, plaintiff's motion is granted.

*Background*

On November 6, 2003, plaintiff filed this suit in state court against The Kallman Group, LLC alleging, among other things, that defendant had violated the TCPA. On August 17, 2005, plaintiff filed an amended complaint adding Kallman Worldwide, Inc. as a defendant. Kallman Worldwide, Inc. was served with the amended complaint on September 6, 2005. In December 2005, on plaintiff's motion, The Kallman Group, LLC was dismissed from the suit. On May 26, 2006, Kallman Worldwide, Inc., ("Kallman") removed the action to this Court, invoking our diversity jurisdiction. Plaintiff contends that the removal was untimely and asks the Court to remand the case to state court.

*Discussion*

A defendant may remove a case from state court to federal court if the action is one "of which the district courts of the United States have original jurisdiction."28 U.S.C. § 1441(a). A defendant must do so, however, within thirty days of receiving, through service or otherwise, plaintiff's initial pleading or subsequent document that discloses grounds for removal. 28 U.S.C. § 1446(b). Plaintiff served Kallman with the amended complaint, which charges it with violating the TCPA, on September 6, 2005. Thus, Kallman knew, or should have known, immediately that the case was removable because the amended complaint asserted a federal claim. *See G.M. Sign, Inc. v. Global Shop Solutions, Inc.,* 430 F.Supp.2d 826, 829-30 (N.D.Ill.2006) (stating that complaint pleading violation of the TCPA was removable on federal question grounds). Thus, Kallman had thirty days from the date of service, or until October 6, 2005, to remove the action to this Court.

Kallman did not file its notice of removal until May 26, 2006, more than eight months after it was served. Nonetheless, Kallman says the removal was timely because: (1) plaintiff averred in the amended complaint that "federal jurisdiction does not exist"; and (2) the prerequisites for removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1446(d), were not established until May 2006. Neither of these arguments is persuasive.

Plaintiff did, indeed, allege in the amended complaint that there was no federal jurisdiction over its claims. But the determination of whether federal jurisdiction exists is made by the Court, not by the parties. Consequently, Kallman should have known that plaintiff's jurisdictional assertion, even if it was correct, was not binding.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Moreover, had Kallman made even a cursory review of the amended complaint, it would have discovered that plaintiff's assertion was wrong. In the first paragraph, plaintiff says Kallman's practice of sending unsolicited faxes violates the TCPA and it seeks damages for that alleged violation in the first count. Given plaintiff's explicit invocation of and reliance on federal law, Kallman should have known that federal jurisdiction existed, no matter what plaintiff alleged.

**\*2** Kallman fares no better with its second argument, that it was not clear that the case was removable pursuant to the CAFA until May 2006. The CAFA amended the diversity and removal statutes to give federal courts jurisdiction over, and defendants the ability to remove, class actions in which there is minimal diversity of citizenship and more than $5 million at stake. *See* 28 U.S.C. §§ 1332(d), 1447(d). It may be, as Kallman argues, that this suit was not removable pursuant to the CAFA until 2006. But, as discussed above, it was immediately removable on federal question grounds. Consequently, whether or when the suit became removable pursuant to the CAFA is irrelevant.

In sum, Kallman knew, or should have known, when it was served with the amended complaint on September 6, 2005 that this suit was removable on federal question grounds. Thus, its notice of removal, which was not filed until May 2006, was untimely. *G.M. Sign, Inc.,* 430 F.Supp.2d at 829-30 (stating that defendant's removal of a suit alleging violations of the TCPA more than thirty days after it was served with complaint is untimely). Plaintiff's motion to remand is, therefore, granted.

Plaintiff also asks the Court to order Kallman to pay the fees and costs it expended in connection with this motion pursuant to 28 U.S.C. § 1447. That section permits the Court to order a defendant to pay "the just costs and any actual expenses, including attorney fees, incurred as a result of [an improper] removal." 28 U.S.C. § 1447(c). A request for fees pursuant to section 1447(c) is committed to the Court's discretion. *Tenner v. Zurek,* 168 F.3d 328, 330 (7th Cir.1999).

An award of fees is appropriate in this case because: (1) It was clear from the face of the amended complaint that plaintiff was asserting a TCPA claim; (2) months before Kallman filed its notice of removal, the Seventh Circuit held in *Brill v. Countrywide Home Loans,* 427 F.3d 446, 450-51 (2005) that TCPA claims were removable on federal question grounds; and (3) despite plaintiff's allegations and the decision in *Brill,* Kallman removed this suit and resisted plaintiff's motion to remand. Plaintiff's request for an award of fees is, therefore, granted.

*Conclusion*

For the reasons set forth above, plaintiff's motion to remand and request for attorney's fees [doc. no. 9] is granted. The Clerk of the Court is ordered to remand this case to the Circuit Court of Cook County. Plaintiff is ordered to submit a statement of the reasonable fees and expenses it incurred in connection with this motion within ten days of the date of this Memorandum Opinion and Order. Kallman may file a response within seven days thereafter. After reviewing the parties' submissions, the Court will issue an order pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

N.D.Ill.,2006.
C.E. Design, Ltd. v. Kallman Worldwide, Inc.
Slip Copy, 2006 WL 3518365 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.