Not Reported in F.Supp.2d                                                                      Page 1
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

Height v. Southwest Airlines, Inc.
N.D.Ill.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Roderick HEIGHT Plaintiff,
v.
SOUTHWEST AIRLINES, INC. Defendant.
**No. 02 C 2854.**

July 29, 2002.

Airline passenger brought common carrier liability action against airline in state court, alleging that he fell out of open door of airplane as it was stopped on ground at airport. Airline removed action to federal court. Passenger moved to remand to state court. The District Court, Guzman, J., held that petition for removal was not defective as untimely.

Motion denied.

West Headnotes

**[1] Removal of Cases 334 €→79(1)**

334 Removal of Cases
    334VI Proceedings to Procure and Effect of Removal
        334k78 Time for Taking Proceedings
            334k79 In General
                334k79(1) k. In General. Most Cited Cases
Defendant's petition for removal of personal injury case was not defective as untimely, even though defendant failed to remove case within 30 days from date of service of complaint, where complaint did not allege that plaintiff suffered serious injuries, underwent medical procedures, or sought punitive damages, and complaint was silent as to parties' citizenship, so that diversity jurisdiction was not established by complaint, and where defendant filed petition within 30 days of receipt of plaintiff's answers to interrogatories, which alleged that he was unable to work due to his injuries. 28 U.S.C.A. §§ 1332, 1446(b).

**[2] Removal of Cases 334 €→79(1)**

334 Removal of Cases
    334VI Proceedings to Procure and Effect of Removal
        334k78 Time for Taking Proceedings
            334k79 In General
                334k79(1) k. In General. Most Cited Cases
Wage information showing plaintiff's prior earnings of approximately $75,000 in the year preceding the date of alleged injury, along with plaintiff's medical bills, showing expenses of over $28,000, were insufficient, without more, to put defendant on notice that amount in controversy in plaintiff's personal injury action exceeded $75,000, for purposes of triggering 30-day removal period, based upon diversity jurisdiction. 28 U.S.C.A. §§ 1332, 1446(b).

*MEMORANDUM OPINION AND ORDER*

GUZMAN, J.
**\*1** Plaintiff, Roderick Height ("Plaintiff"), filed an airline passenger/common carrier liability action in the Illinois state court against the Defendant, Southwest Airlines, Inc. ("Defendant"). Defendant removed the case to federal court. Presently before this Court is Plaintiff's motion to remand the case to the state court. For the reasons set forth below, the motion is denied.

*BACKGROUND*

On or about May 2, 2001, Plaintiff commenced this lawsuit in the Circuit Court of Cook County as an airline passenger/common carrier liability action. The complaint alleges that Plaintiff suffered injuries of personal and pecuniary nature as a result of Defendant's negligence and breach of its highest duty of care owed to its passengers. It is alleged

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323　　Document 23-5　　Filed 05/15/2008　　Page 2 of 6

Not Reported in F.Supp.2d　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

that Plaintiff fell out of the open door of a Southwest flight as it was stopped on the ground at the Nashville Airport.

Service was obtained on Defendant on or about May 7, 2001. On April 19, 2002, Defendant filed a Notice of Removal. On May 17, 2002, Plaintiff filed a motion to remand to state court pursuant to 28 U.S.C. § 1447. Plaintiff contends that Defendant's Notice of Removal was not filed timely and it did not comply with the requirements of 28 U.S.C. § 1446(b). Defendant disagrees and asserts that the filing of the removal notice was timely because it was done with thirty days of receipt of Plaintiff's answers to Interrogatories, which allegedly constituted the first notice that this matter was removable. In his reply, Plaintiff argues that the exact same information contained in Plaintiff's answers to Interrogatories was given to the Defendant at a much earlier time in various responses to Defendant's Requests for Documents.

Defendant puts forth that there was insufficient information in Plaintiff's complaint to determine whether the case was removable. Specifically, there was no indication in Plaintiff's complaint as to the citizenship of the parties. Also, the Defendant contends that it did not have information that the amount in controversy in this lawsuit exceeded $75,000 until Defendant received Plaintiff's answers to Interrogatories on March 22, 2002-which was less than thirty days prior to filing the notice of removal. Among other assertions, the answers to the Interrogatories revealed that Plaintiff incurred medical expenses of $28,523.94 for his injuries, he has lost wages of approximately $30,000, his employment was terminated approximately two months after the accident due to his inability to fulfill the job's responsibilities allegedly because of the injuries sustained and he was currently unemployed. Defendant claims that the above answers provided the first notice that the Plaintiff was making any claim for lost wages and that the Plaintiff was specifically claiming that he is unemployed due to his injuries. In addition to these claims, Defendant also expects that Plaintiff will make a claim for pain and suffering.

On the other hand, Plaintiff asserts that Defendant, a citizen of Texas, was aware of the diverse citizenship of the parties on September 20, 2001 when Plaintiff notified Defendant of his Illinois citizenship in a response to Defendant's Request for Documents.[FN1] Defendant knew Plaintiff suffered a broken wrist according to Defendant's own Flight Operations Irregularity Report. Additionally, in response to a Request for Production, on January 25, 2002, the Defendant received an up-to-date medical specials summary from Plaintiff listing the total amount as $28,523.94. As of January 14, 2002, Defendant was also in the possession of Plaintiff's W-2 form for the year 2000 which showed a gross income of $73,757. Plaintiff further claims that Defendant knew of the lost wages amount or could have ascertained that amount from Plaintiff's W-2 form. The court notes that Plaintiff has not disputed that the amount in controversy exceeds $75,000 exclusive of interests and costs.

> FN1. In his reply brief, Plaintiff cites to Exhibit A to support this allegation. The Court notes that the exhibit contains a letter in response to a Rule 214 Request for Production dated January 14, 2002 (not September 20, 2001) and a W-2 form for the year 2000. While the Court recognizes that the W-2 form bears Plaintiff's name and his Illinois address, the Court notes that residency does not necessarily equal citizenship. It is not clear whether the Plaintiff intended to attach other documents in reference to Plaintiff's citizenship. Even if the other party has not objected because of lack of subject matter jurisdiction, the Court will ask the parties to clarify this matter either by stipulation or other subsequent proof.

*DISCUSSION*

**\*2** Section 1441 of Title 28 of the United States

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323   Document 23-5   Filed 05/15/2008   Page 3 of 6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

Page 3

Code authorizes removal of state court cases that could have been brought originally in a federal court. That section provides in part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2002).

The procedure for removal of a state action to federal court is set forth in 28 U.S.C. § 1446. That section provides:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such a defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. 28 U.S.C. § 1446 (2002).

In this Court, removal is also governed by Local Rule 81.2 which mandates that when a defendant seeks to remove an action from an Illinois state court based on diversity, and where the complaint does not allege an amount exceeding the jurisdictional amount in controversy in the prayer for relief, the defendant must include two items in the petition for removal. N.D. Ill. R. 81.2(a). First, the defendant must submit a statement by all defendants that a good faith belief exists that the amount in controversy exceeds the jurisdictional amount of $75,000. N.D. Ill. R. 81.2(a)(1). Second, the defendant must include a response to an interrogatory, an admission, or a showing of deemed admission by the plaintiff that the damages sought are indeed in excess of $75,000, or that plaintiff declines to agree damages will not exceed $75,000. N.D. Ill. R. 81.2(a)(2). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *NFLC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir.1995) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Defendants must meet their burden by supporting their allegation of jurisdiction with competent proof. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). The party seeking removal may meet that burden by a preponderance of evidence. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The Seventh Circuit has interpreted this to mean proof to a reasonable probability that jurisdiction exists. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993).

**\*3** Generally, in a typical removal action, the starting point in determining the amount in controversy is the plaintiff's state court complaint and the amount of damages sought. *Id.* at 365. However, that is problematic in Illinois since plaintiffs are not allowed to plead an *ad damnum* in excess of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323   Document 23-5   Filed 05/15/2008   Page 4 of 6

Not Reported in F.Supp.2d Page 4
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

minimum necessary to satisfy the jurisdictional requirements of the department of the state court in which the action is initially brought. 735 ILL. COMP. STAT. 5/2-604 (2002). In light of this situation, the Seventh Circuit has held that the district courts in Illinois may look outside the pleadings to other evidence of jurisdictional amount. *Chase,* 110 F.3d at 427-28. Nevertheless, the court is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed. *Id.* (citing *In re Shell Oil Co.,* 970 F.2d 335, 356 (7th Cir.1992)).

What exactly is this "other" evidence which the district court may consider is not very clear. The second part of the Local Rule 81 .2, subsection (a) offers some guidance by providing that:

Receipt by the removing defendant or defendants of the [interrogatory] response by a plaintiff ... or of the admission by a plaintiff ... or the occurrence of the event giving rise to a deemed admission by a plaintiff ... shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). N.D. Ill. R. 81.2

Therefore, at the very least, answers to interrogatories, responses to request for admissions or deemed admissions by reason of a party's failure to serve a timely denial to a request for admissions are within the meaning of "other paper." However, there is a dispute whether this list is exhaustive. On the one hand, in *Huntsman v. Whitehorse,* this court reasoned that since the triggering event is obtaining of information by the defendant which allows the determination whether the case is removable, then the method of how that information is acquired is simply immaterial. *Huntsman Chem. Corp. v. Whitehorse Tech. Inc.,* No. 97 C 3842, 1997 WL 548043, *6 (N.D.Ill.1997). The court in *Huntsman* also concluded that the Local Rule 3 (now Local Rule 81.2) was not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois state court. *Id.* On the other hand, in *Abdishi v. Phillip Morris, Inc.,* the court flatly disagreed with the *Huntsman* holding and focused on the express language of the local rule. *Abdishi v. Phillip Morris, Inc.,* No. 98 C 1310, 1998 WL 311991, *3 (N.D.Ill.1998)

The local rule clearly provides that "[w]here the defendant or defendants do not include the statement required by paragraph (1) of this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction."N.D. Ill. R. 81.2. Unless "will be subject to remand" is read to mean "may be remanded unless the removing party establishes with reasonable probability that the jurisdictional requirements are met by other means," the rule appears to include an exhaustive list. If, for example, the defendant can reasonably ascertain from a response to a Request for Production of Documents that the damages sought exceed $75,000, and that defendant promptly moves to remove the action to federal court, in the absence of an admission, deemed admission or a response to an interrogatory attached to the removal notice, such notice would not comply with the strict language of the local rule and therefore, the would be remanded to the state court.

**\*4** In the case at hand, Plaintiff's complaint does not contain an express *ad damnum* in excess of $75,000. Rather, at the end of the complaint, Plaintiff asks for judgment against the Defendant "for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois" (which amount is $50,000 exclusive of interests and costs). Accordingly, under Local Rule 81.2, Defendant had to include in its notice of removal a statement made in good faith that the amount in controversy exceeds $75,000 and either an interrogatory response by Plaintiff or an admission by Plaintiff establishing that the amount in controversy in this case exceeds $75,000. Defendant carried its burden by expressly making the statement and attaching a response to an interrogat-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 5
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

ory which allegedly provided them with the first notice that the damages sought exceeded $75,000. Defendant did not obtain such a response until March 22, 2002. The notice of removal was filed within thirty days of March 22, on April 19, 2002.

[1] However, Plaintiff argues that Defendant's petition for removal was fatally defective because it was untimely. Firstly, he argues that Defendant failed to remove this case within thirty days from the time when the complaint was served. Secondly, though he does not expressly mention the local rule, he argues that the receipt of the answer to interrogatory, which Defendant used to support its notice of removal, did not constitute the receipt of a "paper from which it may *first* be ascertained that the case is one which is or has become removable" N.D. Ill. R. 81.2 (referring to 28 U.S.C. § 1446(b)) *(emphasis added)*. Specifically, Plaintiff contends that Defendant had all the information provided in the interrogatory at a much earlier date when it received responses to its various Requests for Production of Documents, the latest being received on January 14, 2002.

Regarding Plaintiff's first argument, the Court notes that the complaint does not refer to punitive damages, or attorneys' fees. Paragraph 8 of the complaint alleges that the Plaintiff suffered injuries of personal and pecuniary nature. There is no allegation that Plaintiff suffered serious injuries or he underwent various medical procedures.[FN2] As Plaintiff correctly points out, according to its own Flight Operations Irregularity Report, the Defendant was aware that Plaintiff jumped out of the rear door of the airplane and that he sustained a broken wrist in the fall. This, in itself, does not put the Defendant on notice that Plaintiff may have sustained severe or permanent injuries and it should have therefore realized, upon receipt of the complaint, that Plaintiff was seeking damages in excess of $75,000. Yet, even if such allegations would have been made, they would not necessarily mean that Plaintiff seeks damages in excess of $75,000. A plaintiff could choose to seek a lesser amount in order to avoid removal. Also, most importantly, the complaint was silent as to citizenship of the parties, therefore diversity was not established at the time of filing the complaint. As a result, the Court holds that there was insufficient information in Plaintiff's complaint to determine whether or not the case was removable.

> FN2. In *Roberson v. Orkin Exterminating Co., Inc.,* the court cited cases in which it was found that the defendant was put on notice that the plaintiff was seeking damages in excess of the $10,000 jurisdictional minimum by allegations of severe permanent injury, substantial medical expenses, and great pain and suffering. *Roberson v. Orkin Exterminating Co., Inc.,* 770 F.Supp. 1324, 1329 (N.D.Ind.1991). The *Roberson* court, however, acknowledged that the $50,000 jurisdictional minimum "might be more difficult to infer from a silent complaint." *Id.* The current $75,000 federal jurisdictional minimum is even more difficult to infer from a complaint that does not specifically claim damages in excess of that amount. *Abdishi,* 1998 WL 311991 at *2.

*5 [2] Regarding Plaintiff's second argument, the Court notes that Plaintiff did not cite any case law holding that a Request for Production of Documents is within the meaning of "other paper." As previously noted, there is currently a dispute among the district courts of this circuit as to whether the Local Rule provides an exclusive list. If it does, then defendant was precluded from moving for removal until it received a response to its interrogatories. In the case at bar, however, even if the Local Rule list is deemed not to be exclusive, the Court does not believe that the Plaintiff's responses to the other party's Requests for Documents established that it was reasonably probable that the amount in controversy exceeded $75,000. Firstly, the summary of medical charges listing an amount of $28, 523.94 is not enough in itself to lead the Defendant to the conclusion that Plaintiff seeks more than

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323   Document 23-5   Filed 05/15/2008   Page 6 of 6

Not Reported in F.Supp.2d                                                                                                Page 6
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.))**

$75,000. Also, the Court is unwilling to place very much weight on Plaintiff's W-2, without more evidence. The record does not reveal the reason, the Defendant requested the W-2 form. Even if the Defendant suspected that lost wages would be part of the damages sought by the Plaintiff, the Defendant could not know or could not have reasonably and intelligently ascertained the number of days Plaintiff missed from work due to his injury. Therefore, a W-2 form showing an income of approximately $75,000 in the year 2000 (the year when the injury occurred), in the absence of an assertion of how many days the individual had missed from work due to the alleged injury, or at least a W-2 form for the previous year in conjunction with the W-2 form for the year when the injury occurred is not enough to convince the Court that Defendant could have ascertained the amount of lost wages with reasonable probability.[FN3]

> FN3. The Court notes that the medical specials summary indicates that the Plaintiff underwent in-patient services for three days (from 5/19/00 to 5/21/00) and another outpatient surgery was performed on 5/31/00. Even if the Plaintiff had to take off every time he went to see a doctor or a related service had to be performed, according to the medical specials summary, those days amounted to no more than 12 days.

The amount of lost income claimed by the Plaintiff was expressly stated in the answer to Defendant's interrogatory. The record does not contain any evidence of prior communications between the parties which could have affirmed the amount of damages sought. Moreover, it was only when the Defendant received Plaintiff's answers to interrogatories that it was put on notice that Plaintiff's employment was terminated because of his inability to perform the job functions, i.e. he was a sales representative and he allegedly could not drive because of his broken wrist, and that the Plaintiff was currently unemployed.[FN4] Therefore, this Court concludes that on the facts presented, the Defendant has met its burden of reasonable probability that the jurisdictional amount has been established and Plaintiff has failed to establish that the Defendant could have established that amount at an earlier time. Accordingly, the Plaintiff's motion to remand is denied.

> FN4. It is not clear whether the Plaintiff was unemployed ever since he was terminated and whether he claims that he is currently unemployed because of the injuries he sustained to his wrist.

*CONCLUSION*

For the reasons set forth in this Memorandum Opinion and Order and pending a showing of complete diversity between the parties, Plaintiff's motion to remand the case to state court is denied.

N.D.Ill.,2002.
Height v. Southwest Airlines, Inc.
Not Reported in F.Supp.2d, 2002 WL 1759800 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.