Not Reported in F.Supp.2d                                                                                                        Page 1
Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.))**

▷
Hernandez v. Schering Corp.
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Gilberto HERNANDEZ and Ruth Elizondo, Plaintiffs,
v.
SCHERING CORPORATION et al., Defendants.
**No. 05 C 0870.**

May 5, 2005.

Paul B. Episcope, Constance Renee O'Neill, Michael T. Mullen, Chicago, IL, for Plaintiffs.
Michael M. Conway, Michael J. McMorrow, Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

MANNING, J.
**\*1** This action was originally filed in the Circuit Court of Cook County, Illinois, by Plaintiffs Gilberto Hernandez and Ruth Elizondo alleging personal injuries from a drug manufactured and sold by Defendants Schering Corporation, Schering-Plough Corporation, and Schering A.G. (collectively, "Schering"). After removal to this Court, Plaintiffs now seek to have this case remanded to state court, pursuant to 28 U.S.C. § 1447(c) and Northern District of Illinois Local Rule ("LR") 81.2. For the reasons set forth herein, this motion is DENIED.

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...."28 U.S.C. § 1441(a). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). A defendant meets this burden by supporting its allegations of jurisdiction with "competent proof," such as, "evidence which proves to a reasonable probability that jurisdiction exists."*Id.*

Section 1446(b) provides that the defendant must file its notice of removal within 30 days after service of the complaint. 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within 30 days after the defendant receives "a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."*Id.* (emphasis added).

In addition to section 1446(b), at the time the Notice of Removal was filed, Schering was required to follow LR 81.2(a), which required it to file with its notice of removal: (1) a statement that it "in good faith" believes that the amount in controversy exceeds the jurisdictional amount; and (2) a response by Plaintiffs to an interrogatory or request for admission stating that the damages sought exceed $75,000.00.[FN1] *McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002). This rule was enacted to address the fact that in Illinois state courts, plaintiffs are prohibited from stating the amount of damages sought beyond the limit set by the local circuit rule.*Campbell v. Bayou Steel Corp.,* 338 F.Supp.2d 896, 900 (N.D.Ill.2004). The purpose of this rule was to provide "a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy."*Id.*

> FN1. The Court notes that LR 81.2 has been "withdrawn" because "[i]t imposes burdens on the manner in which lawyers practice in state courts without significant

Case 1:08-cv-01323   Document 23-6   Filed 05/15/2008   Page 2 of 4

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.))**

Page 2

benefit and without clear authority to do so."*Committee Comment* to LR 81.2. Accordingly, while this Court will discuss the steps Schering took to comply with this rule in its notice of removal, it will not address any arguments that this case should be remanded because of Schering's failure to comply with the rule.

Here, Schering filed its "Notice of Removal" on February 11, 2005, seeking to remove the Complaint, which was served on September 1, 2004.FN2Schering alleges that at the time of service, Plaintiffs did not allege sufficient facts in the Complaint "to put [Schering] on notice that this action was removable to federal court based on diversity of jurisdiction" because it "contained no allegation as to the citizenship of either plaintiff and alleged no amount in controversy other than 'an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County,'" which is $30,000.

> FN2. The facts in this opinion are derived from the Notice of Removal, the parties' submissions, and documents attached thereto.

**\*2** As a result of this lack of information regarding diversity of jurisdiction, Schering alleges that, in accordance with LR 81.2, it timely "served requests to admit facts in an effort to determine the citizenship of Plaintiffs, as well as the amount in controversy."According to Schering, not until January 18, 2005, when Plaintiffs answered requests to admit ("the Requests") did Schering have sufficient information regarding the citizenship of Plaintiffs to file the Notice of Removal. In response to the Request that Plaintiffs admit that they are a citizens of the State of Illinois," they stated that they "[are] citizen[s] of the United States and resident[s] of Illinois."Schering contends that Plaintiffs' failure to fully answer this Request constituted an admission, pursuant to Illinois Supreme Court Rule 216(c), that Plaintiffs are "citizen[s] of Illinois." Thus, because the Requests constituted "other paper" under section 1446(b), the filing of the Notice of Removal on February 11, 2005 was timely filed within 30 days.

As for the amount in controversy requirement, Schering contends that, under Rule 216(c), Plaintiffs have admitted that the amount in controversy is in excess of $75,000 because they refused to answer the Request asking them to admit that "they seek damages in excess of $75,000."Instead, Plaintiffs objected to this Request on the grounds that "it does not seek the admission or denial of a specified relevant fact."Schering also, as required by LR 81.2, attached an affidavit stating that they have "a good faith belief" that, based on the allegations in the Complaint, Plaintiffs seek damages over $75,000. This assertion is based on the fact the Plaintiffs have alleged that Mr. Hernandez "suffered great injury and became permanently blind," which caused him and "will in the future cause him considerable pain, discomfort, disability, disfigurement, and mental anguish."As a result of these injuries, Plaintiffs seek compensation for his pain and suffering, past and future medical costs and care, loss of consortium, and punitive damages.

Plaintiffs now seek to remand this action on the grounds that Schering's Notice of Removal was "either premature ... or, in the alternative, ... untimely."The Court will address each of these contentions in turn. *First,* according to Plaintiffs, removal was "untimely" because Schering was "aware of Plaintiffs' domicile well before the Response" to the Request regarding citizenship. In December of 2004, pursuant to subpoena, Schering received various medical records indicating that "Plaintiffs reside [in] Cicero, Illinois." These medical records, according to Plaintiffs, were "other papers," and therefore, the 30-day limitations period began to run in December of 2004, not on January 18, 2005, the date Plaintiffs answered the Requests. As such, Schering's Notice of Removal on February 11, 2005, is barred by section 1446(b).

There are two problems with this contention. One, medical records received in response to a subpoena

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323     Document 23-6     Filed 05/15/2008     Page 3 of 4

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.))**

do not constitute "other paper" under section 1446(b). Courts construe the "other paper" requirement to include "papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court process,"*Gilardi v. Atchinson, Topeka and Santa Fe Railway Co.,* 189 F.Supp. 82, 85 (N.D.Ill.1960), and include such "papers" as a "discovery deposition," *id.* at 84, "interrogatory answers," *Roberson v. Orkin Exterminating Co.,* 770 F.Supp. 1324, 1328 (N.D.Ind.1991), or any "official papers," *Lillard v. Joint Medical Prods.,* 1995 WL 20609, at *3 (N.D.Cal. Jan.13, 1995), filed with the "action sub judice," *Golden Apple Management Co., Inc. v. GEAC Computers, Inc.,* 990 F.Supp. 1364, 1367 (M.D.Al.1998), or given under "oath" in connection with the action. *Gilardi,* 189 F.Supp. at 85. Accordingly, this Court holds that the medical documents, which were not prepared or filed in connection with this action, do not constitute "other papers" under section 1446(b). Moreover, even if this Court were to construe the records as "other papers," they simply list an address for Plaintiffs, and as Plaintiffs should know, complete diversity is based upon "citizenship" not "residency."

**\*3** Plaintiffs also contend that the Notice of Removal was premature because their failure to fully answer the Requests did not constitute an admission on which removal could be properly based. To determine whether these answers constitute an "admission" for purposes of removal under section 1446(b), this Court looks to Illinois Supreme Court Rule 216(c). Under this rule, a request to admit is deemed:

admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. *A denial shall fairly meet the substance of the requested admission.*If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. *Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request.*

(Emphasis added.) Applying Rule 216, Illinois courts hold that "a party has a good-faith obligation to make a reasonable effort to secure answers ... from persons and documents within the responding parties reasonable control."*Szczeblewski v. Gossett,* 342 Ill.App.3d 344, 277 Ill.Dec. 1, 795 N.E.2d 368, 372 (Ill.App.Ct.2003). Where a party does not reasonably and fully respond to a request to admit, the trial court may deem the requests properly admitted. *See**Liepelt v. Norfolk and Western Railway Co.,* 62 Ill.App.3d 653, 19 Ill.Dec. 357, 378 N.E.2d 1232, 1244 (Ill.App.Ct.1978), *rev'd on other grounds,*440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1980).

Here, as detailed above, Schering requested information about Plaintiffs' citizenship and the amount in controversy. In response to the Request that Plaintiffs admit that they are citizens of the State of Illinois," they stated that they "[are] citizen[s] of the United States and resident[s] of Illinois."Likewise, in response to a Request asking them to admit that "they seek damages in excess of $75,000," Plaintiffs refused to answer on the grounds that "it does not seek the admission or denial of a specified relevant fact."Based on these evasive responses, it appears to this Court that Plaintiffs purposefully attempted to avoid removal by not fully responding to the requests, despite having the ability to give full and complete answers. Accordingly, this Court finds that Schering did not have sufficient information to move for removal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-01323  Document 23-6  Filed 05/15/2008  Page 4 of 4

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.))**

under section 1446(b) until it received Plaintiffs' answers to its requests on January 18, 2005, and thus, the Notice of Removal was timely filed.[FN3]

> FN3. Plaintiffs also assert that the Notice of Removal was untimely because Schering had notice at the time the Complaint was served that Plaintiffs sought damages greater than $75,000. While this may be true, it was not until January 18, 2005, that Schering could sufficiently ascertain Plaintiffs' citizenship. Thus, this contention is likewise without merit.

### CONCLUSION

**\*4** For the reasons set forth above, this Court DENIES Plaintiffs' Motion to Remand [10-1]. It is so ordered.

N.D.Ill.,2005.
Hernandez v. Schering Corp.
Not Reported in F.Supp.2d, 2005 WL 1126911 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.