## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1323 | **DATE** | 5/21/2008 |
| **CASE TITLE** | Business Pro vs. Express Products | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion for remand [16] and denies Plaintiffs' motion for fees and costs. Case remanded to Lake County Circuit Court. Motion to dismiss [12] is denied as moot. Status hearing set for 6/30/2008 is stricken. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

   Plaintiffs Business Pro Communications, Inc. ("Business Pro") and Tunica Pharmacy, Inc. move the Court to remand the present action back to the Circuit Court of Lake County pursuant to 28 U.S.C. § 1447©. For the following reasons, the Court grants in part and denies in part Plaintiffs' motion.

### BACKGROUND

   On December 30, 2004, Business Pro filed a three-count Class Action Complaint ("Original Complaint") in state court alleging that Defendant Express Products, Inc. ("Express") faxed unsolicited advertisements in violation of: (1) the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), (2) common law conversion, and (3) the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 (and substantially similar consumer protection statutes). The Original Complaint challenged "Defendant's policy and practice of faxing unsolicited advertisements to persons in Illinois and other states" and sought "statutory damages for each violation of the TCPA." (R. 1-2, State Court Compl. ¶¶ 1, 5.)
   After discovery in state court closed, Business Pro requested leave to file an Amended Complaint which added a class representative, identified additional junk faxes; and narrowed the class definition. On February 7, 2008, the state court granted Business Pro's motion for leave to amend. Less than thirty days later, on March 5, 2008, Express filed its Notice of Removal pursuant to 28 U.S.C. § 1441 which sought to invoke this Court's original jurisdiction based on either of two grounds (1) "conventional diversity jurisdiction" or (2) diversity jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(a), (d).

### ANALYSIS

   Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441(a), and if it is

**STATEMENT**

timely. 28 U.S.C. § 1446(b); *Boyd v. Phoenix Funding Corp*., 366 F.3d 524, 529 (7th Cir. 2004). For removal to be timely, a defendant must file a notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). The parties do not contest that Defendant failed to file a notice of removal within thirty days of receipt of the Original Complaint (Defendant filed some thirty-seven *months* late). Rather, Defendant contends that removal is now proper because the case stated in the Original Complaint was not removable at the time it was filed, but became removable only when Plaintiffs filed the Amended Complaint on February 7, 2008. In support of this position, Defendant relies on an exception to the general 30-day limitation of Section 1446(b), which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. 1446(b). Plaintiffs have raised several arguments as to why this "amended pleading" exception does not apply here, but the Court need only address Plaintiffs' primary argument: That Defendant's action was removable on federal question grounds at the outset of the state court litigation and Defendant therefore forfeited its right to remove by failing to do so within thirty days of receiving the Original Complaint.

**I.    Federal Question Jurisdiction**

Plaintiffs argue that the TCPA claim in the Original Complaint created a federal question upon which federal jurisdiction could have been based. *See* 28 U.S.C. § 1331. If Plaintiffs are correct that this action was removable on the day the Original Complaint was filed, then Defendant long ago forfeited its right to remove this action on any grounds. *See* 28 U.S.C. § 1446(b); *see e.g.*, *Mangold v. AMTRAK*, No. 08 C 73, 2008 U.S. Dist. LEXIS 32082 (N.D. Ill. Apr. 16, 2008) (granting plaintiff's motion to remand where the case stated in the initial pleading was removable). Defendant counters, arguing that at the time Plaintiffs filed the Original Complaint, the Seventh Circuit had not yet decided whether a TCPA claim created federal jurisdiction under 28 U.S.C. § 1331. In addition, Defendant points out that at the time the Original Complaint was filed, six Courts of Appeals of Circuits other than the Seventh (as well as district courts in this Circuit) held that TCPA claims were within the exclusive jurisdiction of state courts.[1] Thus, in Defendant's view, the landscape of the legal precedent at the time Plaintiffs filed the Original Complaint rendered Defendant's case "not removable" under 28 U.S.C. 1446(b).

The landscape changed on October 20, 2005 – over two years before Defendant removed this case – when the Seventh Circuit decided *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 451 (7th Cir. 2005). In *Brill*, the Seventh Circuit decided as a matter of first impression in this Circuit that federal courts do indeed have jurisdiction over TCPA claims. *Id.* The crux of the instant action, therefore, is whether district courts in the Seventh Circuit had jurisdiction over TCPA claims prior to *Brill* (i.e. within the thirty day window of time after the Original Complaint was filed). If so, then this case was "removable" at the time it was initially filed and Defendant forfeited its right to remove by failing to do so within thirty days. *See* 28 U.S.C. § 1446(b). At least one district court has addressed the exact question before the Court, and held that a defendant's failure to remove a TCPA claim prior to the Seventh Circuit's decision in *Brill* forfeited defendant's right to remove the action to federal court. *See G.M. Sign, Inc. v. Global Shop Solutions, Inc*., 430 F. Supp. 2d 826, 827-828 (N.D. Ill. 2006); *see also C.E. Design, Ltd. v. Kallman Worldwide, Inc*. No. 96 C 2946, 2006 WL 3518365 (N.D. Ill. Dec. 5, 2006). The Court agrees with the well reasoned decision in *G.M. Sign*, wherein Judge Gettleman held that a TCPA claim filed prior to *Brill* was removable at the time it was filed. *See* 430 F. Supp. 2d at 829-830.

**STATEMENT**

Focusing on the thirty-day window at the outset of the litigation, it is clear that Defendant should have removed this case to federal court at that time.[2] First, the Original Complaint unequivocally stated a claim under the TCPA, a federal statute. While it is true that non-binding decisions held, at the time Defendant received the Original Complaint, that TCPA did not create federal jurisdiction, no *binding* precedent held that a TCPA claim was "not removable" under 28 U.S.C. § 1446(b). *See Futuresource L.L.C. v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be a controlling precedent."). Moreover, in reaching its decision, the *Brill* Court relied in part on a decision by the Supreme Court which both post-dated the six conflicting Circuits' decisions and predated the Original Complaint, thereby strengthening the argument that a district court should diverge from what the Seventh Circuit ultimately held was erroneous precedent in other circuits. *See Brill*, 427 F.3d at 450 (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 155 L. Ed. 2d 923, 123 S. Ct. 1882 (2003)). In addition, the purposes of Section 1446(b)'s 30-day rule are served by remand, given that the case has been proceeding in state court for more than three years. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) ("The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.") (quoting *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982).

Given the clear invocation of the TCPA in the Original Complaint and the lack of binding case law holding that a TCPA claim was not removable, Defendant should have attempted to remove this case within thirty days of receiving the Original Complaint, not three years later. Having failed to do so, Defendant has forfeited its right to remove this case to federal court. *In re Mutual Fund Market-Timing Litig.*, 495 F.3d 366, 368 (7th Cir. 2007) ("[U]ntimely removals are procedurally defective, and thus within the scope of § 1447(c)."); *Morrow v. DaimlerChrysler Corp.*, 451 F. Supp. 2d 965, 969 (N.D. Ill. 2006) (Castillo, J.). Plaintiffs' motion for remand is granted. The Court remands this case to state court pursuant to 28 U.S.C. § 1447(c).

**II.     Attorneys' Fees**

Plaintiffs also request attorneys' fees and costs resulting from Defendant's untimely removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). Plaintiffs contend that they are entitled to costs and fees because Defendant lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Wisconsin v. Amgen, Inc.,* 516 F.3d 530, 534 (7th Cir. 2008). The Supreme Court in *Martin* teaches that "absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. *Lott*, 492 F.3d at 793. Although Defendant forfeited its right to removal, the Court does not find that Defendant's untimely removal was clearly foreclosed by established law in this circuit. *See id.* Accordingly, the Court denies Plaintiff's motion for costs and fees.

**CONCLUSION**

For the reasons above, the Court grants Plaintiffs' motion for remand and denies Plaintiffs' motion for fees and costs.

|   |
|---|
| **STATEMENT** |
|   |

1. *See Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., LTD*, 156 F.3d 432, 438 (2nd Cir. 1998); *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000); *Erienet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d. Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997); *Repay v. Flag Co., Inc.*, 326 F. Supp.2d 884, 885 (N.D. Ill. 2004); *Stonecrafters, Inc. v. CM Sys., Inc.*, 2003 U.S. Dist. LEXIS 20092, No. 03 C 50287, 2003 WL 22415976, *1 (N.D. Ill.); *Constr. Consulting Group, Ltd. v. Gerstein Fin. & Ins., Inc.*, No. 02 C 3322, 2002 WL 1400472, *2 (ND. Ill.); *Bernstein v. New Century Mortgage Co.*, 2003 U.S. Dist. LEXIS 25663, No. 02 C 3355 (N.D. Ill. Feb. 12, 2003).

2. The Court notes that Defendant's notice of removal fails to address, or even mention, that TCPA claims provide a basis for federal jurisdiction under 28 U.S.C. § 1331.